## HIGH *vs.* WORLEY.

[BILL IN EQUITY FOR DISCOVERY IN AID OF ACTION AT LAW.]

1. *Equitable conversion.*—It is a settled principle of equity jurisprudence, that land, directed by will to be sold and converted into money, is to be considered and treated as money; and a direction for the postponement of the sale, until the happening of a future event, does not prevent the operation of the principle.

2. *Re-conversion.*—In such case, however, the parties interested may, at their election, re-convert the property into land; but such re-conversion can only be made by all the parties interested, and not by each one separately for himself.

3. *Election.*—The distributees of a deceased legatee cannot make such election, without showing that the absence of debts renders administration on the estate of the legatee unnecessary; nor can a married woman, not owning a separate estate by statute, make such election for herself, although she is living separate and apart from her husband.

APPEAL from the Chancery Court of Dallas.

Heard before the Hon. JAMES B. CLARK.

THE facts of this case, as presented by the bill, are these: Adonijah Worley died, in said county of Dallas, in the year 1830, after having executed his last will and testament, which was duly admitted to probate after his death, and which contained the following clause: "It is my wish and desire, that all the lands which I own, adjoining the town of Selma, may be held and retained by my executor, for the use and support of my wife and children, together with two female slaves, all the household and kitchen furniture, and the stock of every description whatsoever, until my daughter Fanny Ann shall arrive at the age of sixteen years; then to be sold, and the proceeds equally divided between my wife and children, share and share alike." The testator's widow, Mrs. Fanny Worley, and his three children, Williamson W., Fanny A., and Nancey E. Worley, survived him, and were his sole distributees and heirs-at-law. After the testator's death, Williamson W. Worley also died, intestate, and without having ever married. Nancy E. Worley married Edward W. High, (at what time does not appear,) and died on the 25th December, 1844, intestate, and leaving an only child, who survived her but a few weeks, and whose sole heir and distributee was its father, said Edw'd W. High. Fanny A. Worley, the testator's other daughter, married one Thomas Todd, but was living separate and apart from him when the bill was filed.

The testator, at the time of his death, did not have the legal title to the tract of land mentioned in his will, but held the title-bond of William R. King and George Phillips, who were the patentees of the United States, and also commissioners of the town of Selma to make titles to town lots. In 1849, after the death of his wife and child, High went to California, leaving Mrs. Worley in the possession of the land, and supposing that she would hold and cultivate it for the benefit of all the parties interested. On his return, he found that she had obtained a deed for the land from said King and Phillips, conveying it to her, or to her and Mrs. Todd. He then filed his bill against Mrs. Worley, Mrs. Todd and her husband; alleging, in addition to the facts above stated, that this

deed was intended to deprive him of his interest in the land, and to prevent him from maintaining any action at law on account of it; that it was never recorded, and that the parties refused to let him inspect it. The prayer of the bill was for a discovery in relation to the deed; that the same might be set aside and annulled, if found to be inconsistent with his rights, and for general relief.

The defendants demurred to the bill, for want of equity, and the chancellor sustained their demurrer; and the decree of the chancellor, dismissing the bill, is now assigned as error.

JNO. T. MORGAN, and GEO. W. GAYLE, for the appellant.
JONA. HARALSON, and WM. M. BYRD, *contra*.

WALKER, J.—It is a well recognized principle of equity jurisprudence, that the court of chancery will consider land, directed to be sold and converted into money, as money.—Adams' Equity, 136; 2 Story's Equity, 115, § 790; *ib*. 627, § 1212; Willard's Equity, 47, 298, 299. The testator, Adonijah Worley, directed that the land should be retained by the executor, for the use and support of his wife and children, until his daughter Fanny Ann attained the age of sixteen years; that it should then be sold, and that the proceeds of the sale should be equally divided between his wife and children, share and share alike. The postponement of the sale, to the time of the daughter's becoming sixteen years of age, does not prevent the operation of the principle, and the equitable conversion of the land into personalty.—Reading v. Blackwell, 1 Baldwin, 166; Rinehart v. Harrison, *ib*. 177.

[2.] The land being by the will transmuted into personalty, it so remains, unless it has been re-converted into realty. Such a re-conversion is susceptible of production by the election of the beneficiaries. The rule, which permits the re-conversion by the election of the parties interested, is founded in the fitness and equity of permitting them to consult their own interests, according to the dictates of their own judgments, and in the utter folly of compelling them accomplish the same object by purchas-

ing in at the sale.—Commonwealth v. Martin, 5 Munf. 117–127. But the election cannot be made by a part of the several persons interested. It must be made by all. The direction to sell the land gives to each a right to have it sold, and takes away from each one the separate right to re-convert his single share, and thus have the sale of a fraction.—Fletcher v. Ashburner, 1 Brown's C. C. 497–500; Allison v. Wilson, 13 Serg. & R. 330; Willing v. Peters, 7 Barr, 287; Pratt v. Taliafero, 3 Leigh, 419.

[3.] If, then, all the persons interested in the proceeds of the sale directed by the will have not elected to make the change back from the money, into which there is an equitable conversion, to its original condition of land, it is money still, and not land. The persons interested in the distribution were the widow and the three children, Williamson W., Fanny A., and Nancy E. Worley. Williamson W. Worley, after the testator's death, died intestate and without children, having never married; but whether he left any debts, does not appear from the allegations of the bill. His interest would regularly pass to an administrator; and the state of facts does not exist, under which an equitable title in the entire interest would pass to the next of kin as the distributees.—Vanderveer v. Alston, 16 Ala. 494. If, then, it were conceded, that the distributees of Williamson W. Worley had made an election to take the land without a sale, the bill would be defective, in the omission to show that they had succeeded to the interest, and had the right to make the election. Fanny A. Worley, another one of the persons among whom distribution of the proceeds of the sale is directed to be made, is alleged to be a *feme covert*, living apart from her husband. The fact that she is living apart from her husband, does not, of itself, invest her with the power to act as a *feme sole;* and she must, therefore, be regarded as under all the disabilities of coverture. A married woman, of herself, is incapable of making an election, unless under some judicial authority, to re-convert her interest in the legacy into the original condition of land. Pratt v. Taliafero, 3 Leigh, 419; Siter, Price & Co. v. McClanahan, 2 Grat. 280; Hannah v. Swarner, 3 W. & S.

223; Oldham v. Hughes, 2 Atk. 452. The bill does not aver the time of the marriage, or any fact showing that the *feme covert* would have a separate estate under any of our statutes in her share of the proceeds of the sale of the land; and our denial of her power of election must be understood in reference to the case as made by the bill.

The wife of complainant appears to have made no election to take the land befcre the marriage with him. If it be conceded, that the child which she left was her sole distributee, and that the complainant was the sole distributee of the child, the right of election could not pass to the complainant, unless that state of facts had been shown, which would justify a court of equity in regarding the right of the distributee as vesting, without the interposition of an administration.

From what we have said, it is clear, that the bill does not make out a case, in which the re-conversion into land can be regarded as made, even though it be conceded that the widow has elected to take land.

The right, therefore, of the wife of the complainant passed upon her death to the administrator of her estate. We cannot assume, that there were no creditors of the deceased wife, and that therefore, under the principle settled in Vanderveer v. Alston, 16 Ala. 494, the complete equitable title vested in her child, who was her sole distributee, and, upon the death of the child, who lived only twenty-seven days, in the complainant, who was its father and sole distributee.

The complainant has not, upon the allegations of the bill, shown any title, and is, therefore, entitled neither to a discovery nor relief.—Story's Eq. Pl. §§ 317, 257.

The decree of the court below is affirmed.