[L. A. No. 59.    Department One.—February 27, 1896.]

J. C. HEARNE, RESPONDENT, v. M. H. DE YOUNG ET
AL., DEFENDANTS.  M. H. DE YOUNG, APPELLANT.

ACTION FOR LIBEL—VENUE—CHANGE OF PLACE OF TRIAL—RESIDENCE OF
    CODEFENDANT—CONSENT TO CHANGE.—An action for libel is one which,
    under section 359 of the Code of Civil Procedure, the plaintiff has a
    right to have tried in the county in which the defendants or some of
    them reside; and where one of the defendants is a resident of the county
    in which the action is brought, a motion by another nonresident defend-
    ant to change the place of trial to the county of his residence is prop-
    erly denied, notwithstanding the resident defendant consents in writing
    that the place of trial be changed as prayed by his codefendant. ·
ID.—WAIVER OF VENUE—BURDEN OF PROOF.—The right to have a cause
    tried in a particular county is one which a party may waive either ex-
    pressly or by implication, and where the complaint is silent as to the
    residence of the defendant, the burden of proof is cast upon him to
    show the county of his residence if he would secure a change of venue;
    and where there are several defendants, he who would procure a change
    of venue must show that none of them are residents of the county in
    which the action is brought; and where the record fails to show such
    proof, a motion by one defendant for such change is properly denied.
ID.—ORAL STIPULATION—ADMISSION OF RESIDENCE AT HEARING—ACTION
    OF COURT—ESTOPPEL.—Although an executory stipulation, when de-
    nied, cannot be proved otherwise than by an agreement in writing filed
    with the clerk, or by agreement entered upon the minutes of the court,
    yet where the record shows that it was admitted at the hearing of a
    motion to change the place of trial that one of the defendants resided
    in the county where the action was brought, there was no occasion for
    other proof of the admitted fact, and such admission having been acted
    upon by the court, and embodied in a bill of exceptions, cannot be
    traversed upon appeal.

APPEAL from an order of the Superior Court of Los
Angeles County refusing to change the place of trial of
an action for libel to the county of the residence of one
defendant.  E. S. TORRANCE, Judge.

The facts are stated in the opinion.

*Lloyd & Wood,* and *William J. Hunsaker,* for Appellant.

Appellant's right to change the place of trial to the county of his residence must be determined by the legal showing made at the time of the motion. (*Brady v. Times-Mirror Co.,* 106 Cal. 56; *Wallace v. Owsley,* 11 Mont. 219; *Buell v. Dodge,* 57 Cal. 645.) The fact that Blunt was a resident of San Diego county should have been shown by affidavit, and could not be shown by agreement of attorneys not filed with the clerk, nor entered upon the minutes of the court. (Code Civ. Proc., sec. 283, subd. 1; *Merritt v. Wilcox,* 52 Cal. 238; *Smith v. Polack,* 2 Cal. 92; *Peralta v. Mariea,* 3 Cal. 185; *Patterson v. Ely,* 19 Cal. 28, 35; *Borkheim v. North British etc. Ins. Co.,* 38 Cal. 623; *Estate of Arguello,* 50 Cal. 308; Weeks on Attorneys, 2d ed., sec. 236 *a; Goben v. Goldsberry,* 72 Ind. 44.) The plaintiff cannot, by joining unnecessary parties defendant, deprive the defendant of his right to have the place of trial of the action changed to the county of his residence. (*Remington Sewing Machine Co. v. Cole,* 62 Cal. 311, 318; *Sayward v. Houghton,* 82 Cal. 628; *McKenzie v. Barling,* 101 Cal. 459, 461.) Blunt having joined in the application, the appellant was entitled, as a matter of right, to have the place of trial of the action changed to the county of his residence. (*Pieper v. Centinela Land Co.,* 56 Cal. 173, 175; *Rathgeb v. Tiscornia,* 66 Cal. 96; *McKenzie v. Barling,* 101 Cal. 459, 460.)

*E. W. Hendrick, W. J. Murphy,* and *Works & Works,* for Respondent.

The action was properly brought in San Diego county, Blunt being a resident thereof. (Code Civ. Proc., sec. 395.) One who moves for a change of venue must show that the action was not brought in the proper county. (Code Civ. Proc., sec. 396.) A cause of action being stated against both defendants, defendant De Young was

not entitled to a change of venue. (*McKenzie* v. *Barling*, 101 Cal. 459.) A plaintiff who has brought his action in the proper county cannot be compelled to go elsewhere merely because all the defendants prefer it. (*Hirshfeld* v. *Sevier*, 77 Cal. 448.)

SEARLS, C.—This is an appeal from an order of the superior court of the county of San Diego, denying a motion by defendant De Young to change the place of trial to the city and county of his residence, viz., the city and county of San Francisco.

The action is brought in the county of San Diego, to recover from the defendants, M. H. De Young and J. F. Blunt, and each of them, the sum of one hundred thousand dollars as damages sustained by plaintiff, by reason of an alleged libel published by said defendants of and concerning plaintiff in the San Francisco Chronicle.

The complaint avers that during all the times therein mentioned M. H. De Young was the proprietor and the defendant Blunt was the San Diego correspondent of a certain daily newspaper known as the San Francisco Chronicle, which said newspaper had and still has a large circulation in the city of San Diego, state of California.

That on the twenty-seventh day of August, 1894, the said defendants and each of them did maliciously and falsely print and publish in said San Francisco Chronicle, and did maliciously, willfully, and falsely cause to be printed, published, and circulated in said paper, in said county of San Diego, a certain false and defamatory article of and concerning the plaintiff, a copy of which article is made a part of the complaint.

The complaint contains no allegations, other than as above, in reference to the place of publication of said newspaper, or of said article, or as to the relations existing between said defendants, or in reference to the residence of either of them.

Defendant De Young alone moved in due time and form for a change of the place of trial, as aforesaid,

showing that during all the times mentioned in the complaint he was and still is a resident of the city and county of San Francisco, and a nonresident of the county of San Diego; that he had a meritorious defense, etc. Defendant Blunt consented in writing that the place of trial be changed as prayed by his codefendant.

It was admitted at the argument of the motion that defendant Blunt was, at the commencement of the action, a resident of the county of San Diego, California. The motion was denied and defendant De Young alone appeals.

This action is one which, under section 395 of the Code of Civil Procedure, the plaintiff had a right to have tried in the county in which the defendants, or some of them, resided at the commencement of the action.

If, therefore, J. F. Blunt, one of the defendants, at the time of the commencement of the action was a resident of the county of San Diego, the court below was correct in refusing to change the place of trial, although M. H. De Young, his codefendant, was a resident of the city and county of San Francisco.

The right to have a cause tried in a particular county is one which a party may waive either expressly or by implication. (*Pearkes* v. *Freer*, 9 Cal. 642; *Jones* v. *Frost*, 28 Cal. 246; *Cook* v. *Pendergast*, 61 Cal. 72; Code Civ. Proc., sec. 386.)

If a complaint in an action which defendant has a right to have tried in the county of his residence fails to show the residence of the defendant, the *onus probandi* is cast upon such defendant to show the county of his residence if he would secure a change of the venue. And by parity of reasoning, if there are several defendants in a like case, he who would procure a change of the place of trial must show that none of them are residents of the county in which the action is brought. This the record failed to show. Again, it was admitted at the hearing, as appears by the record, "that the de-

fendant Blunt was at the commencement of the action a resident of the county of San Diego, in this state."

Appellant contends that this admission is not binding, for the reason that it does not appear that the agreement was filed with the clerk or entered upon the minutes of the court, and is therefore not within the purview of section 283 of the Code of Civil Procedure.

Where the stipulation or admission of an attorney for and on behalf of his client, and being as yet executory, is denied, the only proof of its validity rests upon a compliance with the code provision, and no other proof can be received. But where the stipulation, agreement, or admission is admitted as in this case, there is no occasion to resort to other proof.

For the purposes of the motion the residence of defendant Blunt was an admitted fact avoiding the necessity of other proof, and having been acted upon by the court cannot now be traversed. (*Smith* v. *Whittier*, 95 Cal. 279; *Himmelmann* v. *Sullivan*, 40 Cal. 125; *Hawes* v. *Clark*, 84 Cal. 272; *Patterson* v. *Ely*, 19 Cal. 36; *Reese* v. *Mahoney*, 21 Cal. 306.)

For these reasons we are of opinion the court did not err in refusing to change the place of trial, and the order appealed from should be affirmed.

HAYNES, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

HARRISON, J., GAROUTTE, J., VAN FLEET, J.