[Sac. No. 519.   Department Two.—October 23, 1899.]

CAROLINE LUDWIG, Respondent, v. JOHN C. HARRY, Appellant.

CHANGE OF PLACE OF TRIAL—RESIDENCE OF DEFENDANT—QUESTION OF FACT—CONFLICTING EVIDENCE—REVIEW UPON APPEAL.—In an action to recover the rent of a hotel leased to the defendant in the county of the venue in which the defendant's family were residing at the time of the commencement of the suit, the question whether the defendant had changed his residence to another county before the action was commenced is one of fact; and where there is a conflict in the evidence upon that question, the action of the court below in denying his application to change the place of trial to another county in which he was served with summons, upon the ground that that county was his place of residence, will not be disturbed upon appeal.

APPEAL from an order of the Superior Court of Placer County refusing to change the place of trial of an action. Matt. F. Johnson, Acting Judge.

The facts are stated in the opinion.

J. B. Curtin, for Appellant.

Jo Hamilton, and George W. Hamilton, for Respondent.

HAYNES, C.—This action was brought in the superior court of the county of Placer. The summons was served upon the defendant in the county of Tuolumne, and the defendant in due time filed a demurrer to the complaint, and an affidavit of merits, and moved the court to change the place of trial to said last-named county upon the ground that said county of Tuolumne was his place of residence, as shown by his affidavit filed therewith. The plaintiff filed her affidavit in opposition thereto, and the defendant filed several additional affidavits tending to sustain and corroborate his original affidavit. Upon the hearing the court denied the motion, and the defendant appeals.

Plaintiff, in her complaint, alleged that she was the owner of a hotel in the town of Auburn, Placer county, and in August, 1896, leased the same with the furniture, barn, and stable to the defendant, and brought this action to recover three hundred and fifty dollars, rent due and unpaid. This action

was commenced October 18, 1897. In her affidavit in opposition to the motion it was stated that the defendant actually resided in said leased premises with his family, conducting the business of a hotel keeper, until in September, 1897, when he left Auburn, his wife and family remaining in the leased premises conducting the hotel business under the lease, and for the benefit of the defendant, until November 19, 1897; that defendant did not inform her that he was going away; that shortly before the commencement of this action she learned for the first time that the defendant was in Sonora (Tuolumne county); that she informed defendant's wife on the day before the commencement of this action that she was contemplating bringing it; that defendant's wife tried to dissuade her from doing so, and assured her that the defendant would return about the 1st of December and resume possession and control of said hotel; that affiant was never informed from any source that defendant had left Auburn intending to change his place of residence, but was led to believe from all the information she was able to obtain that his absence was temporary, and that he intended to return.

The defendant's affidavit in reply states that he went to Tuolumne county intending to change his place of residence to that county, and so expressed himself to various persons before leaving; that he has been since about August 1, 1897, a *bona fide* resident of Tuolumne county; that soon after he arrived he obtained work in a mine at Soulsbyville, and has ever since been engaged in performing labor in said county, and that a few days after his arrival he informed his wife by letter of the fact of his "residence in Tuolumne county."

Several other affidavits were read by defendant. The conflict between defendant's affidavits and that of the plaintiff is material, and in several points not capable of being reconciled, particularly in regard to the result of plaintiff's inquiries as to where the defendant was after he left Auburn, and his intention as to a change of his place of residence.

Whether the defendant had changed his place of residence before this action was commenced is a question of fact. That he had been a resident of Auburn, Placer county, is beyond dispute. That the usual indicia of residence there existed at the time this action was commenced is equally clear. His family

occupied the premises leased by the defendant from the plaintiff for residence and business purposes. He did not, until a month after the suit was commenced, surrender the leased premises, but the business for which he leased the same and which he personally conducted up to the time of his departure was continued for his benefit, and the leased premises continued to be the shelter for his family and household goods, and it does not appear that he had provided any other. That defendant started out in search of a new place of residence may be conceded, but that he had in fact changed his residence at the time this action was commenced may well be questioned. At all events there was a conflict in the evidence, and the rule that in such cases the action of the court below will not be disturbed on appeal applies to these motions. (*Daniels v. Church,* 96 Cal. 13, and cases there cited.)

The order appealed from should be affirmed.

Cooper, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

　　　　　　　　　　　　Henshaw, J., McFarland, J., Temple, J.