[Sac. No. 860.    Department One.—March 22, 1902.]

COUNTY OF MODOC, Appellant, v. JOHN MADDEN et al., Defendants. J. W. HOSSELKUS, Administrator of Estate of Mat Healey, Deceased, Respondent.

ACTION UPON OFFICIAL BOND—VENUE—CHANGE OF PLACE OF TRIAL—BURDEN OF PROOF.—In an action by a county against the county treasurer and the sureties on his official bond, upon a motion by the substituted administrator of one of the sureties to change the place of trial to the county of the residence of the deceased surety, such administrator has the burden to prove that none of the other defendants resided in the county at the time of the commencement of the action.

ID.—SETTLEMENT BY OTHER SURETIES—RIGHT OF CONTRIBUTION—ATTACHMENT OF PROPERTY OF ABSCONDING TREASURER—RESIDENCE.—The fact that the other sureties made parties defendant, some of whom resided in the county of the venue, had settled a judgment rendered against them in another action brought by the people upon the same cause of action, against the same parties, and that the

---

[1] 40 Am. St. Rep. 53.

county treasurer had absconded from the county before suit, cannot sustain the motion to change the venue, where it appears that such sureties had expressly reserved a right of contribution, and that the property, real and personal, of the absconding treasurer, who had resided in the county, and whose family still resided there, and who was served by publication of summons, was held under attachment prior to the motion.

APPEAL from an order of the Superior Court of Modoc County changing the place of trial of an action. J. W. Harrington, Judge.

The facts are stated in the opinion of the court.

Tirey L. Ford, Attorney-General, and John E. Raker, Ex-District Attorney, for Appellant.

W. N. Goodwin, Goodwin & Goodwin, and G. F. Harris, for Respondent.

VAN DYKE, J.—This is an appeal from an order changing the place of trial. The action was brought by the county of Modoc, plaintiff, against John Madden as principal, on a bond given by him as treasurer of said county, and twenty-two others, defendants, as sureties on said official bond, to recover the sum of $34,825.35, alleged to have been fraudulently appropriated by said defendant Madden to his own use and benefit while acting as such treasurer. The action was commenced August 5, 1897, and it appears that between the 23d of July, 1897, and the commencement of the action said Madden absconded. Service of summons was made on all the defendants, excepting Madden and Mat Healey. Defendant Mat Healey died intestate in the city and county of San Francisco, September 27, 1897, and in November, 1898, letters of administration were issued to the respondent, J. W. Hosselkus, as administrator of the estate of said Healey, deceased. Thereafter, July, 1899, on motion made, said administrator was substituted in said action in place of Mat Healey. On the fifth day of September, 1899, said Hosselkus, administrator of the estate of Mat Healey, appeared in said action, and at the same time moved for change of venue to the county of Lassen, on the ground that said Mat Healey in his lifetime, and also his administrator, were residents of said county. The

motion was heard upon affidavits, documentary evidence, and oral testimony. The court, in its so-called findings granting the motion, recites that another action had been commenced on the third day of August, 1897, in the name of the people of the state of California, against the same defendants as in this action, and for the same cause of action. Thereafter, in such other action, a judgment was made and entered against all the defendants, except the defendants Mat Healey and Madden, upon stipulation, for the sum of fifteen thousand dollars, in full satisfaction as to said defendants; "and that this action No. 1091 be dismissed as to all of the defendants herein, except the defendants John Madden and Mat Healey;" that said Madden since he absconded has resided elsewhere as a fugitive from justice.

On the part of the respondent the contention is that the bondsmen having been released from liability upon the satisfaction of the judgment against them in the other case (No. 1090), and Madden being a fugitive from justice and his whereabouts unknown, this action, Modoc County against Madden et al., was in substance an action against Hosselkus as administrator of the estate of said Healey, "he being the only person remaining having any interest in the subject-matter of the litigation," and "such being the case, and he and the deceased, whom he represented, being both residents of Lassen County at the time the action was commenced, and Hosselkus continuing such residence when the motion was made, he was entitled to the change asked for, under the provisions of sections 394 and 395 of the Code of Civil Procedure."

But in the stipulation and judgment entered thereon, referred to, it is expressly provided that the same shall "not affect the plaintiff's rights against the other defendants not entering into the stipulation, and shall in no way prejudice or affect the plaintiff's rights to proceed in that behalf as fully and completely as the plaintiff might and could do had not this stipulation and judgment been made and entered and satisfied as to the defendants against whom this judgment is entered." And also, "that the said defendants entering into this stipulation shall have and recover to themselves severally, in proportion to the liability of each of them under the terms of said judgment, all and singular the proceeds of any judgment which may be obtained against the said defendant John Madden, on account of the cause of action set out in the

amended complaint; provided that the plaintiff shall have and be paid out of any such proceeds all the necessary costs and expenses of whatsoever kind and character that the said plaintiff shall have been put to by reason of the said defalcation of said John Madden, and any and all other claims and demands of the plaintiff, now held by the said plaintiff or the county of Modoc against the said Madden, and all judgments due the county of Modoc from said John Madden, of whatsoever kind or character. Provided further, that in stipulating said judgment against them these defendants to this stipulation and judgment do not waive any right of contribution in each as against all of the other defendants in said action.'' The sureties on the official bond of Madden were liable severally for different amounts, but he was liable to the county for the whole amount of the defalcation, and the county has a right to proceed against him for a recovery of the whole amount; and the defendants who have thus settled with the county for their *pro rata* of liability are entitled to have the action proceed, in order to recoup, in case the whole amount against Madden should be recovered by the county. Section 394 of the Code of Civil Procedure, relied upon by the respondent, provides that whenever an action is brought by a county against citizens of another county, the action must be transferred for trial to a county other than the plaintiff. And section 395 of the Code of Civil Procedure, also relied upon by the respondent, reads: ''In all other cases, the action must be tried in the county in which the defendants, or some of them, reside at the commencement of the action.'' When this action was brought all the defendants, excepting Healey, were residents and property-holders of the county of Modoc—and he owned property therein; and although Madden had absconded a few days before that time, his family still resided and continued to reside there, and his property, both real and personal, in that county was held under an attachment in favor of the plaintiff before this motion for a change of venue was made. The action was therefore properly commenced in Modoc County, and service by publication being subsequently made upon Madden, the principal defendant in the case, the plaintiff, as well as the other defendants, had the right to have it remain there for final determination. In *Greenleaf* v. *Jacks*, 133 Cal. 506, the court, after quoting section 395 of the Code of Civil Procedure, relied upon by re-

spondent herein, says: "An examination of the three sections immediately preceding this in the same code shows us that this action comes under the section from which we quote. The appellant being the moving party, the burden was upon it to show that it was entitled to a change of ,venue; and to show this, under section 395, it must be made to appear that none of the defendants resided in San Luis Obispo County" at the commencement of the action. (See, also, *Hearne* v. *DeYoung,* 111 Cal. 373.)

The court awarded costs in the contest of hearing the motion in favor of the moving party, respondent, and against the appellant, county of Modoc. By section 399 of the Code of Civil Procedure, it is provided when an order is made transferring an action or proceeding "the costs and fees thereof, and of filing the papers anew, must be paid by the party at whose instance the order was made."

The order appealed from is reversed.

Garoutte, J., and Harrison, J., concurred.