[Crim. No. 851.    Third Appellate District.—August 3, 1911.]

## CARRIE ETTA NICHOLSON, Respondent, v. JOHN R. NICHOLSON, Appellant.

ACTION FOR DIVORCE—DENIAL OF HUSBAND'S MOTION TO CHANGE VENUE —CONFLICTING EVIDENCE AS TO HUSBAND'S RESIDENCE — REVIEW UPON APPEAL.—In an action for divorce brought in a county which had for years been the home of both parties, where the defendant husband went to another county which he claimed as his residence, and his motion to change the place of trial thereto was denied upon conflicting evidence as to his residence within the county in which the action was brought and his departure therefrom merely to annoy his wife, the action of the court in denying the motion is controlling upon the appellate court, and will not be disturbed.

APPEAL from an order of the Superior Court of Santa Cruz County refusing to change the place of trial of an action for divorce. Lucas F. Smith, Judge.

The facts are stated in the opinion of the court.

Wm. A. Bowden, for Appellant.

Benj. K. Knight, for Respondent.

BURNETT, J.—This is an appeal from an order denying defendant's motion for a change of the place of trial of an action for divorce. Appellant claimed to be a resident of Fresno county, whereas the complaint was filed in Santa Cruz county, the place of respondent's residence. If the

court below had granted the motion, there is no doubt an appellate court would hold that the order was justified by the showing made by defendant. But the affidavit and oral testimony of respondent clearly make it a case of conflicting evidence and, under the well-established rule, the decision of the trial judge is controlling here. Appellant is not entirely accurate in the assertion that "the affidavit of plaintiff, in so far as it attempts to deny the statement of defendant that he resided in Fresno, is made *upon information and belief.*" It is true that she declared "that affiant is informed and believes, and upon such information and belief states the fact to be, that defendant is only temporarily residing at Coalinga and that he will not long remain there; and that he is likely at any time to depart from the state of California"; but, as to that portion of appellant's affidavit declaring "that at the time of the commencement of said action he was and yet is a resident of the county of Fresno," respondent positively denied the same and "every part thereof." She proceeded further to state facts—which we deem it unnecessary to detail—that, as a matter of law, justified the court in concluding, in the language of respondent, that "the affidavit of the defendant made herein is not in good faith," and that he was simply sojourning temporarily in Fresno county without any intention of making it his permanent abode. In her oral testimony she stated that both parties considered Santa Cruz as their home, that "we have no other home; I know that the defendant has no fixed place of abode other than the county of Santa Cruz. I know that the motion to have this case tried elsewhere is not made in good faith on the part of the defendant. He only wants to have it transferred to cause me annoyance and trouble and to prevent the court from awarding me alimony." While some of her declarations are mere inferences, yet sufficient facts are related, in our opinion, to bring the case within the following decisions: *Creditor etc.* v. *Welch,* 55 Cal. 469; *Hastings* v. *Keller,* 69 Cal. 606, [11 Pac. 218]; *Daniels* v. *Church,* 96 Cal. 13, [30 Pac. 798]; *Ludwig* v. *Harry,* 126 Cal. 377, [58 Pac. 858].

The order is affirmed.

Chipman, P. J., and Hart, J., concurred.