[Civ. No. 7710. Third Dist. Aug. 18, 1950.]

CHARLES MELVILLE ELLIS, Respondent, v. NATIONAL CASUALTY COMPANY (a Corporation), Appellant.

Peart, Baraty & Hassard for Appellant.

Millard Smith for Respondent.

PEEK, J.—The defendant National Casualty Company, a Michigan corporation, authorized and qualified to transact business in this state, prosecutes this appeal from an order denying its motion for a change of venue from the Superior Court in and for the County of Solano to the Superior Court in and for the City and County of San Francisco. The foregoing motion was interposed in an action instituted by plaintiff Charles M. Ellis by which he sought to recover moneys allegedly due him under an insurance contract issued by appellant. The grounds specified in defendant's motion were that the contract was not made or entered into, to be performed, nor breached in Solano County and therefore that appellant was entitled to have the cause transferred to the City and County of San Francisco, its principal place of business.

Turning first to the pleadings, as we must, at the time the motion for change of venue was made (25 Cal.Jur. 907, 909, and cases cited) it appears that respondent's complaint is based upon a group health and accident policy entered into between California State Dental Association and defendant on December 15, 1946, a certificate of which policy was annexed to the complaint and incorporated therein as Exhibit A; that subsequent to the issuance of said policy respondent sustained a total disability resulting from an injury to his spine and that appellant has failed to make payments called for by the policy. Exhibit A, above referred to, which is entitled "Group Disability Policy Certificate," states that the National Casualty Company, Detroit, Michigan, "Has issued Group Disability Policy 998P No. 2010 effective December 15, 1946 Insuring the members of CALIFORNIA STATE DENTAL ASSOCIATION" and recites therein that respondent "is insured under and subject to all the provisions and limitations of said Group Disability Policy" and further that "This certificate is furnished in accordance with and subject to the terms of the Group Disability Policy, which policy together with the Insured's application therefor and the Member's application, if any, constitute the entire contract of insurance. This certificate is merely evidence of the insurance and contains the essential provisions provided under said Group Disability Policy, . . . ." The complaint contained

no allegation that the contract of insurance was made, to be performed, or breached in Solano County nor does the certificate of insurance annexed to the complaint as Exhibit A contain any provisions relating to such matters. The group disability policy, under which the certificate of insurance was issued, was not introduced at the hearing on appellant's motion for change of venue. Thus, in the record before this court, there is nothing to indicate where the group disability policy was entered into, to be performed, or breached.

Section 16, article XII of the California Constitution provides that "A corporation or association may be sued in the county where the contract is made or is to be performed, or where the obligation or liability arises, or the breach occurs; or in the county where the principal place of business of such corporation is situated, subject to the power of the court to change the place of trial as in other cases." The foregoing provision, rather than the provisions contained in section 395 of the Code of Civil Procedure, is applicable to corporations in transitory actions. (*Cook* v. *Ray Manufacturing Co.*, 159 Cal. 694 [115 P. 318]; *De Campos* v. *State Comp. Ins. Fund*, 75 Cal.App.2d 13 [170 P.2d 60].) The rules applicable to domestic corporations also apply to foreign corporations. (*Bohn* v. *Better Biscuits, Inc.*, 26 Cal.App.2d 61 [78 P.2d 1177].) Thus under the foregoing constitutional provision a plaintiff has a choice among forums enumerated therein. (*Clark* v. *Policy-Holders Life Ins. Assn.*, 138 Cal. App. 505 [32 P.2d 653]; *Walker* v. *Wells Fargo Bank etc. Co.*, 8 Cal.2d 447 [65 P.2d 1299].) However the propriety of plaintiff's choice is to be determined from the pleadings of record at the time the motion for change of venue is filed. (25 Cal.Jur. 907; *Modlin* v. *Walter's Fur Shop*, 83 Cal.App.2d 384 [188 P.2d 805].) Necessarily therefore the plaintiff is required to frame his complaint to establish his right to retain the trial of the action in the county in which it is commenced. (*Neet* v. *Holmes*, 19 Cal.2d 605 [122 P.2d 557].)

Applying the foregoing rules to the instant appeal, it is readily apparent that the court erroneously denied appellant's motion for a change of venue. Respondent's complaint did not allege that the contract of insurance was made, to be performed, or breached in Solano County. It did not incorporate by reference the insurance contract but rather the certificate of insurance thereunder. Under such circum-

stances the appellant was entitled to have the cause transferred to the county of its residence.

The order is reversed.

Adams, P. J., and Van Dyke, J., concurred.