[Civ. No. 18914. Second Dist., Div. Three. Dec. 29, 1952.]

MARVIN HAYUTIN et al., Appellants, v. OSCAR RUDNICK, Individually and as Executor, etc., Respondent.

Desser, Rau, Christensen & Hoffman, Adele I. Springer and Sheldon R. Caplow for Appellants.

Borton, Petrini & Conron and Harry M. Conron for Respondent.

VALLÉE, J.—Plaintiffs appeal from an order granting defendant's motion for change of the place of trial from the county of Los Angeles to the county of Kern.

The action was filed in the county of Los Angeles. Defendant was sued individually and as executor of the estate of Libbie Rudnick, his deceased wife. He was served in both capacities in the county of Kern. The complaint, containing six causes of action, is grounded on an oral contract of "joint venture or partnership" alleged to have been made between plaintiffs and defendant Rudnick and his deceased wife, whereby plaintiffs, in return for services rendered, were to share with defendant and his deceased wife in certain

140

profits which the latter were to obtain from a written contract made by them with third persons.

Defendant filed a motion for change of the place of trial to the county of Kern on two grounds: (1) defendant at the time of the commencement of the action was, and still is, a resident of the county of Kern, and (2) Libbie Rudnick was a resident of the county of Kern, and her estate is now being probated in the county of Kern. Affidavits in support of the motion were made by defendant, an officer of a bank, and a neighbor residing in Bakersfield who had known defendant for some 30 years. Counteraffidavits resisting the motion were filed on behalf of plaintiffs. A minute order of the court was entered granting the motion without specifying the grounds therefor. Two days later a written order was made granting the motion "on the ground that Section 395.1 of the Code of Civil Procedure requires that the action be transferred to the county which has jurisdiction of the deceased defendant's estate."

■ The order is sustainable on the ground that defendant was at the time of the commencement of the action, and still is, a resident of the county of Kern. The affidavits and counteraffidavits are conflicting. Those in support of defendant's motion state: (1) defendant's attorney has stated to him that he has a good and valid defense to plaintiffs' action; (2) defendant at the time of the commencement of the action and for some 30 years prior thereto was, and still is, a resident of the county of Kern and during that time maintained his home there; (3) the estate of defendant's wife is being probated in the county of Kern; (4) defendant is registered to vote as a resident of the city of Bakersfield, county of Kern, and for many years last past has voted therein; (5) defendant did not, nor did his deceased wife, at any time enter into any oral or written joint venture or partnership agreement with plaintiff in Los Angeles County or in any other place. ■ Under these circumstances, this court is bound by the same rule that controls where oral testimony is presented for review: When an issue is tried on affidavits, the rule on appeal is that those affidavits favoring the contention of the prevailing party establish not only the facts stated therein but also all facts which reasonably may be inferred therefrom, and when there is a substantial conflict in the facts stated, the determination of the controverted facts by the trial court will not be disturbed. (*Baratti* v. *Baratti*, 109 Cal.App.2d 917, 922 [242 P.2d 22].) ■ The question of one's residence is a question

of fact. (*Ludwig* v. *Harry*, 126 Cal. 377, 378 [58 P. 858].)
It is, therefore, established that defendant, at the time of the commencement of the action was, and still is a resident of the county of Kern, and that county is the proper county for the trial of the action. (Code Civ. Proc., § 395.)

The order is not subject to attack on the ground the oral agreement was to be performed, or that it was entered into, in the county of Los Angeles. The complaint did not allege where the agreement was to be performed nor where it was entered into. The right to a change of place of trial must be determined from the pleadings of record at the time the motion for a change is filed. (*Neet* v. *Holmes*, 19 Cal. 2d 605, 607 [122 P.2d 557]; *Abbey* v. *Schaefer*, 108 Cal. App.2d 554, 556 [239 P.2d 44]; *Ellis* v. *National Casualty Co.*, 99 Cal.App.2d 77, 79 [221 P.2d 127].) A pleader is required to frame his complaint so as to clearly show his right to retain the cause in the county in which the action is commenced, and all doubts and ambiguities must be resolved in favor of a defendant's right to have the cause tried in the county of his residence. (*Sheeley* v. *Jones*, 192 Cal. 256, 257-258 [219 P. 744].) At the time the motion was filed the complaint did not show any right in plaintiffs to retain the cause in the county of Los Angeles. Plaintiffs' counteraffidavits sought to show that the agreement was made in the county of Los Angeles. If these could be considered they would not assist plaintiffs since they merely created a conflict with the affidavit of defendant which the court resolved in favor of defendant.

The fact that the order recites that it is based on the ground stated is immaterial. An appellate court is concerned only with the correctness of a trial court's action and not with the reasons assigned therefor. (*Bealmear* v. *Southern Calif. Edison Co.*, 22 Cal.2d 337, 339 [139 P.2d 20].)

In view of our conclusion, it is not necessary to consider whether, assuming defendant was a resident of the county of Los Angeles, section 395.1 of the Code of Civil Procedure does not compel transfer of the cause to the county of Kern because defendant is sued in his official capacity as executor on a claim for the recovery of money, or other points made by plaintiffs.

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.