[Civ. No. 20455.   Second Dist., Div. Three.   Mar. 18, 1955.]

WARD MANUFACTURING COMPANY (a Corporation), Respondent, v. E. V. MILEY, Appellant.

604

John D. Chinello for Appellant.

Philip T. Lyons for Respondent.

ASHBURN, J. pro tem.,*—Defendant appeals from an order denying his motion for change of venue from Los Angeles County to Fresno County. The action is a transitory one and

*Assigned by Chairman of Judicial Council.

defendant established without contradiction the fact of his residence in Fresno County where he does business under the fictitious name E. V. Miley's Sierra Refrigeration and Fixtures. The motion was made upon two grounds: First, that defendant was a resident of Fresno County and, second, that the obligation, if any, was incurred in that county.

The complaint, filed in Los Angeles County, is in two counts. The first is an action on account stated and the second is a common count for goods sold and delivered. Appellant argues that the court denied his motion upon the theory that the plaintiff has a right to try the case where filed if one of the causes of action is based upon a contract which was made or to be performed in that county regardless of the status of the other cause of action; that the reverse of that proposition is established law. The record does lend some support to this argument. The minute order reads: "Motion denied— Found that the contract in the first cause of action was entered into and was to be performed in Los Angeles County."

██ It is settled law that a defendant who would be entitled to a change of venue on one contractual cause of action if it were the only one, remains entitled to such change regardless of joinder of one or more other causes in which he would not be entitled to a transfer. (*Goossen* v. *Clifton*, 75 Cal.App.2d 44, 48 [170 P.2d 104]; *Erwin* v. *Cee-Tee Const. Co.*, 114 Cal.App.2d 364, 370 [250 P.2d 287].) ██ But faulty reasoning, though disclosed by the record, does not destroy a correct ruling. (*Hayutin* v. *Rudnick*, 115 Cal.App. 2d 138, 141 [251 P.2d 707].) So we must examine the question of whether both causes of action were in such condition as to warrant a trial in Los Angeles County over defendant's objection.

Section 395, Code of Civil Procedure, which fixes defendant's residence as a proper venue in the ordinary transitory action contains this sentence: "When a defendant has contracted to perform an obligation in a particular county, either the county where such obligation is to be performed, or in which the contract in fact was entered into, or the county in which the defendant, or any such defendant, resides at the commencement of the action, shall be a proper county for the trial of an action founded on such obligation, and the county in which such obligation is incurred shall be deemed to be the county in which it is to be performed unless there is a special contract in writing to the contrary."

The first count alleges that plaintiff is a corporation engaged in business in Los Angeles and "That on the 30th day of June, 1953, at Los Angeles, California an account was stated between the plaintiff and the defendants, and upon such statement a balance of $5,697.20 was found due to plaintiff from the defendants." Also: "That the defendant agreed to pay to the plaintiff said balance of $5,697.20 but has not paid the same or any part thereof." The second count says: "That on the 30th day of June, 1953, the defendants were indebted to plaintiff in the sum of $5,697.20 on an account for goods and merchandise consisting of freezers and refrigeration equipment sold and delivered by plaintiff to defendants, at their request, in the City of Los Angeles; that no part thereof has been paid, and there is now due plaintiff thereon from defendants, the sum of $5,697.20 with interest thereon from June 30, 1953."

First we consider the situation existing with respect to the first cause of action. It is the common count and sufficient as a pleading in this state. (*Doyle* v. *McPherson*, 36 Cal.App.2d 81, 83 [97 P.2d 249].) The complaint fixes prima facie the proper place for trial. *Lakeside Ditch Co.* v. *Packwood Canal Co.*, 50 Cal.App. 296, 306 [195 P. 284] : "The presumption is, in the absence of an affirmative showing in that particular, that the county in which the title of the action shows that it is brought is, *prima facie*, the proper county where the court in which the action is brought has jurisdiction of the subject matter thereof." This rule has been reiterated many times and with the corollary that the averments of the complaint are to be deemed true upon a motion for change of venue, at least to the extent that they are not controverted. (See *Coley* v. *Hecker*, 206 Cal. 22, 24 [272 P. 1045] ; *Mills* v. *Dickson*, 129 Cal.App. 728, 730 [19 P.2d 278] ; *Liera* v. *Los Angeles Fin. Co.*, 99 Cal.App.2d 254, 258 [221 P.2d 737] ; *Freedman* v. *Imperial Cattle Co.*, 112 Cal.App.2d 593, 596 [246 P.2d 986] ; *White* v. *Kaiser-Frazer Corp.*, 100 Cal.App.2d 754, 758 [224 P.2d 833] ; *Connell* v. *Bowes*, 49 Cal. App.2d 542, 544 [122 P.2d 71] ; *Peterson* v. *Sherman*, 68 Cal. App.2d 706, 711 [157 P.2d 863] ; *Neet* v. *Holmes*, 19 Cal.2d 605, 607 [122 P.2d 557].) This first cause of action alleges that the account was stated in Los Angeles County. And the burden of overthrowing the prima facie venue showing made thereby rested upon the moving defendant; his residence in Fresno County was not enough; he had to show that the contract was not made or to be performed in the

county where the action was pending. (*Rowe* v. *Policy Holders Life Ins. Assn.*, 131 Cal.App. 339, 342 [21 P.2d 443]; *Yellow Mfg. Accept. Corp.* v. *Stoddard*, 93 Cal.App.2d 301, 303 [208 P.2d 1040]; *Hearne* v. *De Young*, 111 Cal. 373, 376 [43 P. 1108]; *Walker* v. *Wells Fargo Bank etc. Co.*, 8 Cal.2d 447, 449-450 [65 P.2d 1299]; *Konig* v. *Associated Almond Growers*, 37 Cal.App.2d 360, 364 [99 P.2d 678]; *Pacific Bal Industries* v. *Northern Timber, Inc.*, 118 Cal.App.2d 815, 826 [259 P.2d 465]; *County of Modoc* v. *Madden*, 136 Cal. 134, 137 [68 P. 491]; 25 Cal.Jur. § 42, p. 909; 1 Witken California Procedure, § 249, p. 768.) The rule in this regard is the same as to individuals and corporations.

Whether that burden was carried successfully by appellant in the instant case turns largely upon the nature of an account stated. ■ "An account stated constitutes a new contract, either express or implied, for which a previous indebtedness furnishes the consideration. Any action thereafter must be brought on the new agreement, which establishes prima facie without further proof the accuracy of the supporting items, which may not be inquired into or surcharged in the absence of allegation of fraud, mistake, or illegality. The creditor must recover on the account stated or not at all, and recovery cannot be had upon the original items on which it is based." Cited cases fully support the text just quoted from 1 California Jurisprudence 2d, section 56, pages 387, 388. They are exemplified by *Auzerais* v. *Naglee*, 74 Cal. 60, 63, 64 [15 P. 371]; *Gardner* v. *Watson*, 170 Cal. 570, 574 [150 P. 994]; *Lacy Mfg. Co.* v. *Gold Crown Mining Co.*, 52 Cal.App.2d 568, 577 [126 P.2d 644]. ■ The sufficiency of defendant's showing also depends upon whether his affidavit was directed to the cause of action alleged, the account stated; for the affidavits must be confined to the case made by the complaint and neither party can shift the issue to some other theory of action; specifically, neither party was free to go into the background facts which furnish the consideration for the stated account and would disappear from view upon the trial of that major issue. (*Sims* v. *Mains*, 131 Cal.App. 307, 310, 311 [21 P.2d 447]; *Sloan* v. *Court Hotel*, 72 Cal.App.2d 308, 313, 314 [164 P.2d 516]; *Meadows* v. *Emett & Chandler*, 99 Cal.App.2d 496, 498-499 [222 P.2d 145].)

Defendant supported his motion by one affidavit, made by himself. It does not mention the alleged account stated. After setting forth residential facts it avers a conversation had in

Fresno in November 1952 (not the date alleged in the complaint, which was June 30, 1953), with plaintiff's sales manager in which defendant "orally agreed to sell to your affiant, and your affiant orally agreed to purchase from said plaintiff, certain merchandise consisting of open face refrigerated meat cases, subject to certain terms and conditions and contingencies then and there agreed upon." To this is added the following: "That subsequently said refrigerated meat cases were delivered by the plaintiff above named to your affiant, and all as subject to the terms and conditions orally agreed upon during the month of November, 1952; that said agreement concerning the purchase of said merchandise, and the obligations thereby incurred, if any, was entirely transacted in the County of Fresno, State of California, and said agreement in its entirety was oral, and not in writing.

"That the subject matter and basis of the First Cause of Action of Plaintiff's complaint and the subject matter of the Second Cause of Action of plaintiff's complaint, is, and each of them, are based upon transactions which occurred entirely in the County of Fresno, State of California, being the County of your affiant's residence." Not a word about an account stated; the affidavit is devoted entirely to the consideration for it if there was such statement of account. The complaint allegation that there was one is not controverted in any fashion. ■ It was not the function of the trial judge to consider the merits of plaintiff's plea. (*Freedman* v. *Imperial Cattle Co.*, 112 Cal.App.2d 593, 596 [246 P.2d 986]; *White* v. *Kaiser-Frazer Corp., supra,* 100 Cal.App.2d 754, 758.) So far as the first count is concerned the motion was correctly denied for the reasons above stated. But there is another ground upon which the ruling should be upheld.

The parties joined in canvassing the facts that lay back of the first count. Defendant's affidavit was opposed by those of Brent C. Cochran (sales manager of plaintiff) and Jack Cairns (employee of plaintiff). Appellant's counsel seems to assume that those affidavits were not to be considered upon his motion because they were served and filed as part of the supporting papers upon defendant's countermotion to retain the case in Los Angeles for convenience of witnesses, which motion was premature, no answer having been filed, and was denied. The record shows however that the two motions were heard on the same day. ■ It is the general rule that courts take judicial notice of the records in the cause before them at the moment (18 Cal.Jur.2d § 53, p. 471; *Willson* v. *Security-*

*First Nat. Bank,* 21 Cal.2d 705, 711 [134 P.2d 800]), and it is to be presumed in support of the ruling that this was done. (See *Nuckolls* v. *Bank of California, Nat. Assn.,* 7 Cal.2d 574, 578 [61 P.2d 927]; *Vaughn* v. *Jonas,* 31 Cal.2d 586, 601 [191 P.2d 432]; 4 Cal.Jur.2d § 559, p. 426.) ▮▮▮ Indeed, a reviewing court will take judicial notice of matters properly the subject thereof even if it appears that the trial judge did not do so. (*Varcoe* v. *Lee,* 180 Cal. 338, 341-342 [181 P. 223]; *Greif* v. *Dullea,* 66 Cal.App.2d 986, 998 [153 P.2d 581]; *Rogers* v. *Cady,* 104 Cal. 288, 290 [38 P. 81, 43 Am.St.Rep. 100].)

The ensuing discussion will apply to both counts for the affidavits cover two transactions whose amounts aggregate the sum of $5,967.20 for which each cause of action seeks recovery. Defendant's affidavit relates specifically to only one conversation which he places in the month of November 1952 and in the county of Fresno. He says that Brent Cochran, sales manager representative of plaintiff, "orally agreed to sell to your affiant, and your affiant orally agreed to purchase from said plaintiff, certain merchandise consisting of open face refrigerated meat cases, subject to certain terms and conditions and contingencies then and there agreed upon." What those terms or conditions or contingencies were he does not say. Whether they provided for delivery and payment in Los Angeles we do not know—so far as his affidavit is concerned. He also says: "That subsequently said refrigerated meat cases were delivered by the plaintiff above named to your affiant, and all as subject to the terms and conditions orally agreed upon during the month of November, 1952;" Delivered where? In Los Angeles? Pursuant to what terms and conditions—payment on delivery in Los Angeles? For one who has the burden of proof he is noticeably vague. And he does not help his proof any by adding these conclusions "that said agreement concerning the purchase of said merchandise, and the obligations thereby incurred, if any, was entirely transacted in the County of Fresno, State of California"; also "That the subject matter and basis of the First Cause of Action of Plaintiff's complaint, and the subject matter of the Second Cause of Action of plaintiff's complaint, is, and each of them, are based upon transactions which occurred entirely in the County of Fresno, State of California, being the County of you affiant's residence." For conclusions they are, no more and no less.

610

The opposing affidavit of said Brent C. Cochran, sales manager for plaintiff, says that on November 25, 1952, he, at his office in Los Angeles, received a telephone call from defendant Miley, who then ordered six pieces of refrigeration equipment at a price of $5,157, f.o.b. Los Angeles and that same "was ordered to be picked up at Los Angeles, California by the customer's truck." Also that he, Cochran, made out a "Sales and Shipping Order" and forwarded same to Miley in Fresno. A copy of the order is attached and it contains this notation "via Cust. Truck." The affiant further states that the merchandise was in fact delivered at Los Angeles "to B & B Trucking Company for delivery to Mr. Miley at Fresno, California." This affidavit is factual and was met by no counter-affidavit, no sort of refutation except the generalities above quoted.

The law is that a contract made by telephone is entered into at the place where the recipient of the call is at the time he accepts the offer. Restatement of Conflict of Laws, section 326, comment c, page 405: "*Acceptance by telephone. When an acceptance is to be given by telephone, the place of contracting is where the acceptor speaks his acceptance.*" (*Cf. Bank of Yolo* v. *Sperry Flour Co.*, 141 Cal. 314, 315 [74 P. 855, 65 L.R.A. 90]; *Trinity Universal Ins. Co.* v. *Mills,* 293 Ky. 463 [169 S.W.2d 311, 314]; *Traders Oil Mill Co.* v. *Arnold Bros. Gin Co.*, (Tex.Civ.App.) 225 S.W.2d 1011, 1013; *Pearson* v. *Electric Service Co. of Pensacola*, 166 Kan. 300 [201 P.2d 643, 645]; *Cousins* v. *Harrison*, 33 Ala. 199 [30 So.2d 393, 394]; *United States* v. *Bushwick Mills* (C.C.A. 2d), 165 F.2d 198, 202; 17 C.J.S. § 356, p. 814; 1 Williston on Contracts, rev. ed. § 82, p. 237; § 97, p. 312.) This fixes Los Angeles County as the place of contract. And the agreement that the merchandise was to be delivered to customer's truck at Los Angeles fixes that county as the place for performance. The fact that the price was fixed f.o.b. Los Angeles had no controlling significance. It merely indicates that title was to pass and the contract thus to be performed in that county. (See *Woodbine* v. *Van Horn,* 29 Cal. 2d 95, 107 [173 P.2d 17]; *Southern Pac. Co.* v. *Hyman-Michaels Co.*, 63 Cal.App.2d 757, 764 [147 P.2d 692].)

There was no error in the ruling that plaintiff had a right to trial of the first count in Los Angeles County.

The affidavit of Jack Cairns, in opposition to the motion, deals with the occurrence of June 1, 1953. He says that he received on that day, at his office in Los Angeles, a

letter from defendant addressed to plaintiff saying "Please send immediately 1—W.M.F. 30-2."; that he prepared a "Sales and Shipping Order" and mailed same to defendant in Fresno; it carries the notation "via Truck"; that on June 12, 1953, the merchandise was delivered in Los Angeles to Pacific Freight Lines for shipment to Miley at Fresno "Freight Collect." The sales and shipping order, mailed to defendant, was the last act necessary to acceptance and completion of the contract. It having occurred in Los Angeles, and the mailed order having been accepted by a document mailed in Los Angeles, that became the place of contract. It is well settled that this is the law. (*Bank of Yolo* v. *Sperry Flour Co., supra,* 141 Cal. 314, 315; *Rawson* v. *J. C. Forkner Fig Gardens, Inc.,* 206 Cal. 4, 6 [272 P. 1057]; *Johnson* v. *Banta,* 87 Cal.App.2d 907, 909 [198 P.2d 100]; *Taylor* v. *J. B. Hill Co.,* 67 Cal.App.2d 581, 582 [154 P.2d 926]; 11 Cal.Jur.2d § 68 at p. 155; 1 Witkin on California Procedure, § 231, p. 742.) None of the facts set forth in this affidavit is denied. It fixes Los Angeles as the place of contracting and inferentially as the place of performance.

It was for the trial judge to resolve any conflicts in the evidence; when he has done so the reviewing court will not interfere. (*Hayutin* v. *Rudnick, supra,* 115 Cal.App.2d 138, 140; *Schreiber* v. *Hooker,* 114 Cal.App.2d 634, 640 [251 P.2d 55].)

Defendant is not entitled to trial of either cause of action in the county of Fresno.

The ruling is correct. The order denying change of venue is affirmed.

Wood (Parker), Acting P. J., and Vallée, J., concurred.