[Civ. No. 26075.   Second Dist., Div. One.   Oct. 16, 1962.]

SURE-GRIP SKATE WHEEL CO., INC., Plaintiff and Respondent, v. FRED BERGIN, Defendant and Appellant.

Gerald B. Parent for Defendant and Appellant.

Bear, Ruby & Greber and Forest Greber for Plaintiff and Respondent.

WOOD, P. J.—Defendant Fred Bergin appeals from an order denying his motion for a change of venue from Los Angeles County to Santa Barbara County.

The verified complaint was filed in Los Angeles County on April 7, 1961. (New section 400 of the Code of Civil Procedure, providing for remedy by mandamus, had not been enacted when this appeal was taken.)

In the first cause of action it was alleged that defendant Fred Bergin is now and at times herein mentioned was doing business as Bergin Skate Co., and Central Skate Co.; that within two years last past, at Lynwood, California, plaintiff sold and delivered goods, wares, and merchandise of the reasonable value of $17,179.09 to defendants, for which they agreed to pay; there is now due and unpaid, on said amount, the sum of $10,556.28.

The second cause of action alleged that within four years past, an account was stated by and between plaintiffs and defendants, whereby it was agreed that defendants were indebted to plaintiff in the sum of $17,179.09; there is now due and unpaid, on said amount, the sum of $10,556.28.

The third cause of action alleged that within four years last past, plaintiff furnished to defendants at their special instance and request, upon an open book account, goods, wares, and merchandise of the reasonable value of $17,179.09; there is now due and unpaid, on said amount, the sum of $10,556.28.

Notice of motion for change of venue was filed on June 22, 1961.[1] That notice stated that the motion would be made upon the ground that the proper county for the trial of said action is the county in which the defendant Fred Bergin resides, to wit: Santa Barbara County.

One declaration of Fred Bergin (filed June 22, 1961), in

---

[1] The clerk's transcript does not include the notice of motion, or the first declaration of Fred Bergin. There are references in the briefs to a supplemental clerk's transcript, but such transcript is not on file herein. This court has obtained the original file of the superior court.

support of the motion, stated: He is a resident of Santa Barbara County, and has resided in said county for the past 10 months. He served the summons in Santa Barbara County (presumably this was intended to state that he was served with summons in that county). He denies that plaintiff ever sold or delivered goods, wares, or merchandise to him at Lynwood, California, or that he ever entered into any type of contract, implied or otherwise, with plaintiff in Los Angeles County.

Also on June 22, 1961, defendant Fred Bergin filed an answer in which he denied the material allegations of the complaint.

Another declaration of Fred Bergin (filed July 13, 1961), in support of the motion, stated: That to the best of his knowledge he is the only defendant named in the complaint who has been served with a summons and complaint; that the other defendant named in the suit, George Bergin, is not now and never has been a resident of Los Angeles County, and is presently a resident of the State of Michigan; that he (declarant) has never stated an account for any amount of money with the plaintiff in Los Angeles County.

On July 18, 1961, Fred Bergin filed a declaration of merits.

Mr. Ball, vice-president of plaintiff corporation, made a declaration in opposition to the motion, wherein he stated: The first cause of action was founded, in part, upon a written agreement of October 2, 1959, a copy of which is attached to this declaration.[2] That agreement and all other agreements, oral or written, between the parties upon the obligation upon which the action is founded, were entered into, consummated, concluded to be performed, and made payable in Los Angeles County, under the following circumstances: The agreement originated in conversation in Lynwood, Los Angeles County, California, about January 15, 1959; the conversations were between George Bergin and John Wintz, who is an officer of plaintiff, and were held in the presence of Mr. Oldfield and Mr. Brown; later there were conversations between George

---

[2]The letter was as follows: ''October 2, 1959 Central Skate Company . . . Ypsilanti, Michigan. Consigned Stock Agreement. This agreement made between Sure-Grip Skate Wheel Co., Inc., and George Bergin, Fred Bergin DBA Central Skate Company. Sure-Grip Skate Wheel Co., Inc., agrees to ship their products to Central Skate Company on a consigned stock basis. Consigned stock not to exceed an amount of $15,000.00 based on regular distributors discounts. Excess amounts over the $15,000.00 limit will be paid for on a cash basis. It is also agreed that after six months of operation by Central Skate Company effort will then be made to arrange the paying off of the consigned stock.''

Bergin and John Wintz in Chicago; the letter of October 2, 1959, was prepared by plaintiff and was sent to Central Skate Company in Ypsilanti, Michigan, to be signed by George Bergin and Fred Bergin; the letter was not signed by plaintiff when it was sent; the letter was signed by the Bergins and returned to plaintiff, and then was executed by Ball in Lynwood; since the last act to complete the contract was performed in Los Angeles County, the contract was made in that county, which is the proper place for the trial.

Appellant concedes that the first and third causes of action (for agreed price of goods; and upon open book account) are triable in Los Angeles County. He contends that the court erred in denying his motion, for the reason that the second cause of action (account stated) was triable in Santa Barbara County, where he resides.

Where a defendant is entitled to a change of venue as to one contractual cause of action, a motion for a change of venue should be granted even though there are other causes of action as to which he is not entitled to a transfer. (*Ward Mfg. Co.* v. *Miley,* 131 Cal.App.2d 603, 605 [281 P.2d 343].) Section 395 of the Code of Civil Procedure provides in effect that actions arising on contract may be tried in the county in which the defendant resides, or in the county in which the contract was made or is to be performed. There is a presumption that the county in which the action is commenced is prima facie the proper county for the trial. (*Pacific Bal Industries* v. *Northern Timber, Inc.,* 118 Cal.App.2d 815, 826 [259 P.2d 465]; *Ward Mfg. Co.* v. *Miley, supra,* p. 606.) The burden of overcoming the prima facie venue showing rested upon the defendant. (*Ibid.*) His declaration that he is a resident of Santa Barbara County was not sufficient to overcome that presumption. (*Ibid.*) " 'An action upon an account stated is not founded upon the original items, but upon the balance ascertained by the mutual consent of the parties.' " (*Crofts & Anderson* v. *Johnson,* 101 Cal.App.2d 418 [225 P.2d 594].) " 'An account stated constitutes a new contract, either express or implied, for which a previous indebtedness furnishes the consideration.' " (*Ward Mfg. Co.* v. *Miley, supra,* p. 607.) "[T]he averments of the complaint are deemed to be true upon a motion for change of venue, at least to the extent that they are not controverted." (*Ward Mfg. Co.* v. *Miley, supra,* p. 606.) Respondent stated in its declaration that the letter agreement and all other agreements, oral or written made between the parties, upon

the obligation upon which the action is founded, were entered into, consummated, concluded to be performed, and made payable in Los Angeles County. Appellant stated in one of his declarations that he denies that he ever entered into any type of contract, implied or otherwise, with the plaintiff in Los Angeles County. In appellant's other declaration he stated that he has never stated an account for any amount of money with the plaintiff in Los Angeles County. It is apparent that the allegations of both parties, with respect to an account stated, are general and involve conclusions. The trial court was confronted with the matter of determining the fact, for the purpose of the motion, as to whether an account stated was made in Los Angeles County. As above shown, one of appellant's allegations was that he had never entered into any type of contract with plaintiff in Los Angeles County. The court might well have determined, from the declaration of respondent, that appellant did enter into the letter contract of October 2 with respondent in Los Angeles County. Although the making of that letter contract would not be determinative of the fact regarding the alleged making of an account stated, the court might have considered the matter of making that contract in determining the accuracy of appellant's allegation that he had never entered into any type of contract with plaintiff (respondent) in Los Angeles County. Furthermore, in determining such factual question as to the alleged account stated, the presumption above referred to (that the county where the action is commenced is prima facie the proper place for trial) was in favor of respondent, and the court could have found that appellant had not overcome the presumption. Under the circumstances here this court cannot disturb the findings of the trial court.

The order is affirmed.

Fourt, J., and Lillie, J., concurred.