[Civ. No. 3496. First Appellate District, Division Two.—March 9, 1921.]

N. ABRAHAM et al., Copartners, etc., Appellants, v. L. C. KING et al., Respondents.

[1] DISMISSAL—CHANGE OF VENUE—FAILURE TO PAY FEES WITHIN YEAR.—Where on motion of the defendant the place of trial of an action is changed from one county to another and the plaintiff does not pay the filing fees in the latter county within one year from the receipt of the papers therein, the court, under the provisions of section 581b of the Code of Civil Procedure, must dismiss the action.

[2] ID.—ALTERNATIVE JUDGMENT—JURISDICTION.—Where the place of trial of an action in claim and delivery in which the property is taken from the defendants and given to the plaintiffs is changed from one county to another but the plaintiffs do not pay the filing fees in the latter county within one year from the receipt of the papers therein, the court, in rendering a judgment of dismissal of the action under the provisions of section 581b of the Code of Civil Procedure, has no jurisdiction to enter a judgment that the defendants recover of and from the plaintiffs the property in question, or the value thereof, together with damages for the detention thereof by the plaintiffs.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Bernard J. Flood, Judge. Modified and affirmed.

The facts are stated in the opinion of the court.

Rose & Silverstein for Appellants.

Nowlin, Fassett· & Little and Ernest K. Little for Respondents.

LANGDON, P. J.—This is an appeal from a judgment in favor of the defendant. The judgment was for the dismissal of an action in claim and delivery, and for the return of certain personal property or· the value thereof in the sum of $1,500 and for ·damages for the detention thereof in the sum of $148 and for costs.

The action was originally commenced in the superior court of the county of Sacramento. The defendants appeared and moved for a change of venue to the city and county of San Francisco, on the ground of the residence of the defendant L. C. King in said city and county. It appeared from the affidavit filed in support of this motion that the defendant Pacific Wrecking Company was not a legal entity, and that that name had been used by the defendant King as a trade name in carrying on one contract. It appeared, therefore, that said King was the only defendant in the action. The motion for the change of venue was duly granted and the papers in the case transmitted to the superior court of the city and county of San Francisco, where they were received on October 4, 1918. On October 5, 1919, the superior court rendered the judgment of dismissal under section 581b of the Code of Civil Procedure, and further recited in said judgment that the action was for the recovery of the possession of personal property and that the personal property described in the complaint herein was in said action taken from the defendant L. C. King and delivered to the plaintiffs. It was then adjudged and decreed "that the defendant L. C. King do have and recover of and from the plaintiffs N. Abraham and M. Davidson, that certain lot of second-hand machinery, iron and junk more fully described in plaintiffs' complaint herein, or the value thereof, to wit: the sum of $1,500 in case a return cannot be had, together with $148 damages for the detention thereof by the plain-

tiff, together also with defendant's costs and disbursements incurred in said action, amounting to the sum of $5.50.''

The appellant contends that under the facts of this case the trial court has no power or jurisdiction to enter a dismissal of the action, and that assuming that the court had the power to dismiss the action, it had no power or jurisdiction to enter an alternative judgment and the power of the court was limited to a dismissal only.

[1] The judgment was entered under the provisions of section 581b of the Code of Civil Procedure, which reads as follows: ''No action heretofore or hereafter commenced where the same was not originally commenced in the proper county shall be further prosecuted and no further proceedings shall be had therein, and all such actions heretofore and hereafter commenced must be dismissed by the court to which the same shall have been transferred on its own motion or on the motion of any party interested therein, whether named in the complaint as a party or not, where the costs and fees of transmission of the pleadings and papers therein to the clerk or justice of the court to which it is transferred or of filing the papers anew have not been paid by the plaintiff for one year after the time when·such pleadings or papers shall have arrived in the custody of such clerk or justice. . . . ''

It is admitted that the fees were not paid by the plaintiff within one year from the time of the receipt of the papers by the clerk at San Francisco. It is unnecessary to discuss the argument of the appellant upon the question of the power of the court to order a dismissal of the action. Our supreme court, in the recent case of *Davis* v. *Superior Court*, 184 Cal. 691, [195 Pac. 390], has foreclosed all argument on this question. It is there held, under facts analogous to the facts in the present case, that the court must dismiss the action under the provisions of section 581b of the Code of Civil Procedure. [2] This case is also authority upon the second point urged by appellant, which is that, under the provisions of section 581b of the Code of Civil Procedure, the trial court had no jurisdiction to do more than dismss the action; that it could not enter an alternative judgment nor any judgment except one of dismissal of the action. In the case of *Davis* v. *Superior Court, supra,* we have a direct ruling that the trial court

is without jurisdiction to do anything in an action except dismiss it, under the conditions set forth in section 581b of the Code of Civil Procedure.

The judgment is modified by striking therefrom all portions thereof except the portion dismissing the action; as thus modified, the judgment is affirmed.

Nourse, J., and Sturtevant, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 5, 1921.

All the Justices concurred, except Olney, J., who voted for granting of petition.