[Civ. No. 17614.   Second Dist., Div. Two.   Dec. 1, 1950.]

HARRY BOONE et al., Appellants, v. GORDON W. HALL et al., Respondents.

(redacted)

Nichols, Cooper & Hickson and R. G. Lamb for Appellants.

Carter, Young, Zetterberg & Henrie and Stephen I. Zetterberg for Respondents.

McCOMB, J.—From a judgment in favor of defendants after trial before a jury in an action to recover $2,629.94, which plaintiffs overpaid defendants through a mistake, and to recover the sum of $250 for escrow labor and services performed, plaintiffs appeal.

*Facts:* In 1946, several residents of Pomona formed a voluntary association known as the Veterans Housing Association of Pomona Valley. Later this organization incorporated as a nonprofit corporation for the purpose of (1) obtaining temporary housing for those in need, and (2) providing a vehicle for achieving inexpensive permanent housing for veteran members. Defendant Hall was one of the original or-

ganizers of the association. Though one of the original members he did not give full time to the organization until the last two months of 1946, at which time he gave up his normal business activity and devoted his entire time to matters of the association.

Plaintiffs were conducting an escrow and loan business in the city of Pomona as copartners.

Prior to August 5, 1947, defendants purchased certain real property in the city of Pomona. An escrow for the transaction was opened, known as number 1382. Subsequent to this escrow and the transfer of real property to defendants the property was subdivided by defendants and there was opened with plaintiffs an escrow known as the "Hall Subdivision Escrow, number 1616." The purpose of the escrow was to serve as a depositary for funds from the sale of the various lots within the subdivision.

In addition to the Hall subdivision escrow defendants opened 24 other individual escrows in each of which defendants appeared as the sellers and other individuals appeared as the buyers. In none of the escrow instructions does it appear that defendants were acting as agents for any named principal. They executed the deeds for various parcels of property. In one of the escrows defendants took from the buyers a promissory note for a deed of trust and admitted receiving and retaining for their own use the monthly payments of principal and interest.

Funds were deposited in the Hall subdivision escrow by defendants and in addition funds were transferred from other sources into the Hall subdivision escrow. Upon written instructions of defendants only, funds were paid out by check either to defendants or at their order. The total amount deposited in the Hall subdivision escrow was $11,732.60. The total amount disbursed upon written instructions of defendants from the escrow was the sum of $14,362.54. A mistake in overpayment to defendants occurred when an escrow clerk employed by plaintiffs paid to defendant Lorine V. Hall $2,754. Instead of the Hall subdivision escrow number 1616, escrow number 1611 was typed on the check and copies, which latter number was in no way related to the Hall subdivision escrow. As a consequence of this error, escrow number 1611 was debited for the amount of the check. On January 15, 1948, when escrow number 1611 was to be closed, a shortage of $2,754 was discovered in the account, the error above mentioned came to light, and $2,754 was transferred from the

Hall subdivision escrow to escrow number 1611. Defendants were immediately notified of the mistake.

On or about March 10, 1948, defendant Gordon W. Hall refused to reimburse plaintiffs for the amount of the overpayment.

During the course of the work on the subdivision all the contracts were let in the name of defendants and all accounts were carried in their names. In none of the transactions did defendants execute any documents as agents. All funds withdrawn from the Hall subdivision escrow were either deposited in their individual checking accounts or were paid over directly to the various contractors to satisfy accounts carried in their own name or names. Funds received from the Hall subdivision escrow were commingled with personal funds at all times and personal obligations were paid therefrom. In addition to transacting all business in connection with the Hall subdivision as the owners thereof, defendants never at any time made any accounting to their alleged principal, the Veterans Housing Association of Pomona Valley, Inc.

Before learning of the error, defendant Gordon Hall had expended the money received by him through the mistake, or had agreed to expend it on behalf of his principal.

■ *Questions:* First: *Was the cause properly tried before a jury?*

This point is not available to plaintiffs on this appeal for the reason that no exception was taken or noted by them to the ruling of the trial court in permitting a jury trial. Where no exception is taken or noted to the ruling of a trial court in accordance with the provision of section 646 of the Code of Civil Procedure, when a jury trial is granted, such order, not being within the list of orders which are deemed to have been excepted to under section 647 of the Code of Civil Procedure, is not reviewable on appeal from the judgment. (*Randall* v. *Freed,* 154 Cal. 299, 301 [97 P. 669].)

■ Second: *Was the judgment contrary to law in that it allowed defendants to retain the money paid them in error?*

This question must be answered in the negative. An agent, acting for a known principal and duly authorized, to whom money is paid by mistake and who uses the money for the benefit of his principal, is not liable to the person making the payment in error before the agent receives notice of the mistake even though the principal has no legal right to receive

the money. (*Weiner* v. *Roof*, 19 Cal.2d 748, 754 [122 P.2d 896]; *cf.* Civ. Code, § 2344; 20 Harv.L.Rev., 205, 211.)

In the present case evidence was received from which the jury could have found that defendants acted as agents for the Veterans Housing Association and its members in connection with escrow number 1616; that plaintiffs knew defendants were acting as agents in connection with such subdivision and escrow; that prior to learning of the erroneous payment to defendants, defendant Hall had paid on behalf of his principal sums in excess of $2,629.94. The jury believing such evidence properly applied the above stated rule of law. As to the sum of $250 plaintiffs seek as fees for escrow services, the jury had evidence before it showing the nature of the services rendered by plaintiffs and the amounts received therefor. The jury impliedly found that there was no balance due plaintiffs on account of such services.

Third: *Did the trial court commit error in (a) permitting defendant Hall to testify as to the facts relative to his agency, (b) receiving oral evidence of the facts relative to defendant Hall's agency when he was acting for a corporation, the minutes of the corporation not being received in evidence, and (c) receiving hearsay evidence and self-serving declarations of defendant Gordon Hall?*

■ This question must also be answered in the negative. (a) The fact of agency where it rests in parol may be established at the trial by testimony of the agent himself. (*Syar* v. *United States Fidelity & Guar. Co.*, 51 Cal.App.2d 527, 531 [125 P.2d 102]; *Shields* v. *Oxnard Harbor Dist.*, 46 Cal. App.2d 477, 488 [116 P.2d 121].)

■ (b) Plaintiffs' contention that oral evidence was inadmissible to prove the fact of defendant Gordon Hall's agency, since he claimed to be employed by a corporation, is without merit. Oral evidence of that which transpires in a meeting of the directors of a corporation may be received, and such evidence does not violate the parol evidence rule, since corporation minutes do not constitute a "written instrument" in the sense in which such phrase is used with reference to the parol evidence rule. (*Lawrence* v. *Premier Indemnity Assurance Co.*, 180 Cal. 688, 697 [182 P. 431].)

■ (c) The evidence to which plaintiffs object was neither hearsay nor self-serving. Such evidence was a recitation by defendant Gordon Hall of that which had been said or done, and was received not for the purpose of proving the truth of the matters asserted but to prove that certain statements had

been made. Therefore such evidence was admissible. See *Smith* v. *Whittier,* 95 Cal. 279, 293 et seq. [30 P. 529].)

Affirmed.

Moore, P. J., and Wilson, J., concurred.

A petition for a rehearing was denied December 15, 1950.