[Civ. No. 19066. Second Dist., Div. Three. Sept. 17, 1952.]

WILLIAM H. ALLIN et al., Appellants, v. THE INTER-
NATIONAL ALLIANCE OF THEATRICAL STAGE
EMPLOYES AND MOVING PICTURE MACHINE
OPERATORS OF THE UNITED STATES AND CAN-
ADA et al., Respondents.

Kenny & Morris and Eleanor V. Jackson for Appellants.

Bodkin, Breslin & Luddy, Orville W. McCarroll and Michael G. Luddy for Respondents.

SHINN, P. J.—Plaintiffs are former members of The International Alliance of Theatrical Stage Employes and Moving Picture Machine Operators of the United States and Canada, and Local 683 thereof. They were expelled from the unions and brought this action seeking mandamus to compel their restoration and for damages and loss of earnings due to their alleged wrongful expulsion. Defendants are The International Alliance, Local No. 683, certain individuals, officers and agents of the unions, and numerous defendants sued under fictitious names. The unions and the officers and agents who were served with process answered. Plaintiffs gave notice of a motion to set the cause for trial and demanded a jury. At the time of trial defendants objected to trial by jury, their objection was sustained and the cause was tried to the court, resulting in findings and judgments in favor of defendants. Plaintiffs appeal, contending the ruling was erroneous.

The briefs contain learned discussions of the law with respect to the right of trial by jury. Plaintiffs say that their action is in mandamus, that mandamus was triable by a jury under the English common law of 1850, and that the common law as it existed in 1850 is the rule of decision in this state. The argument of plaintiffs on this point is vigorously opposed by the defendants. We have concluded, however, that the question is one which does not require decision in this action for the reason that the point was not reserved for review on appeal by an exception to the rulings of the court. ■ Both sides quote from and rely upon the decision of this court in *Grossblatt* v. *Wright*, 108 Cal.App.2d 475, in which it was said (p. 480 [239 P.2d 19]) : ''The purpose of an exception is not ritualistic; it is real. It 'is only a formal type of objection.' It does not have to be in any particular

form. It is sufficient if it points out clearly the error complained of. The test of its sufficiency is whether it fairly directs the attention of the court to the claimed error. It is sufficient if it apprises the court in some way that the party does not acquiesce in the ruling or action of the court.'' Manifestly, this calls for some affirmative declaration or action after the ruling has been made. The question here is whether this test has been met by the plaintiffs. We believe it has not been met. Defendants say: ''The record in the instant case establishes beyond cavil that nothing was done by appellants to indicate to the trial court that they were dissatisfied with, or that they did not acquiesce in, or that they intended to make its ruling denying them a jury trial the basis for appellate review. And, as appears from such record, appellants did not say or do anything which gave the trial court an opportunity to reconsider the ruling involved. Consequently there is no room for the application of the 'conduct equivalent to an exception' rule in the instant case and the denial of a jury trial cannot be reviewed by this Court.'' This position seems to be well taken.

 At the time of trial, in reply to the objection of defendants, plaintiffs took the position that they were entitled to a jury as a matter of right, stating: ''It would only be should we be denied a jury as a right that I might then make a motion for an advisory jury.'' The question was argued at length as to what issues might or might not be submitted to a jury. After an adverse ruling by the court counsel for plaintiffs stated: ''Now, your Honor, at this time we ask that your Honor impanel an advisory jury and we move the Court to that effect.'' Whereupon the court stated: ''The ruling in connection with the request for an advisory jury is as follows: that the request for an advisory jury upon all issues is denied and that if plaintiffs desire an advisory jury on the issue of damages only, the ruling upon that request will be reserved until after the Court has tried the other issues in the case or tried the issue of liability,'' and the following discussion took place: ''Mr. Kenny: I do not intend to press further the request for an advisory jury. I think probably it will be better to proceed, that is, take one bite of the cherry, because we will have the problem of calling witnesses back, and they are working people, and what I propose to do is to put the witnesses on, get them to tell their story and compute their damages so that Mr. Luddy can develop that, and we have subpoenaed several

people in the motion picture industry who are busy, who have trips planned, and so probably—this is off the record. (Discussion outside the record) The Court: Then in view of your presently stated position, Mr. Kenny, I think the Clerk's minutes need merely show then that the request for advisory jury upon all of the issues has been denied. Mr. Kenny: That is correct.''

A comparison of the proceedings in the Grossblatt case, as set out in the opinion, with those outlined above, demonstrates the inapplicability of our holding in the former case, where it was said (p. 483): ''Defendant made it perfectly clear to the trial court that he did not assent to or acquiesce in the ruling, but, on the contrary, that he considered it erroneous; with the court's knowledge he made what attempt he could in the time allowed him to obtain a writ of prohibition; the court had ample opportunity to reconsider and correct the ruling if it deemed it erroneous; defendant unequivocally indicated, and it appears clear that the court fully understood, he intended to make the ruling the subject of appellate review if judgment went against him.'' Here there were two requests, (1) for a jury to try the general issue, and (2) for an advisory jury. In denying these the court reserved the right to plaintiffs to ask for an ''advisory'' jury on the issue of damages only, after other issues had been determined. The request for an advisory jury was in effect withdrawn, and no exception was taken to either ruling, nor was there in the proceedings any conduct upon the part of plaintiffs' counsel which could be deemed the equivalent of an exception.

One who by his conduct accepts a ruling of the court under circumstances amounting to acquiescence therein, may not complain of it on appeal. Exceptions serve the purpose of protecting the objector against the claim of acquiescence in adverse rulings. Although section 647, Code of Civil Procedure, specifies the orders and rulings to which exception is deemed to have been taken, denial of a request for a jury trial is not among them. It was therefore necessary for plaintiffs to take an exception. (*Estate of Magerl,* 201 Cal. 162, 167 [256 P. 204]; *Snidow* v. *Hill,* 100 Cal.App.2d 31, 36 [222 P.2d 958]; *Glogau* v. *Hagan,* 107 Cal.App.2d 313 [237 P.2d 329]; *Boone* v. *Hall,* 100 Cal.App.2d 738-741 [224 P.2d 881].) Where affirmative action, consisting of noting an exception, or of conduct equivalent thereto is required, mere silence must be taken as acquiescence when, upon

appeal, the ruling is assigned as error. The claim of error will not be considered. We are therefore obliged to hold that the sole point urged by plaintiffs upon appeal is not subject to review.

The judgment is affirmed.

Wood (Parker), J., and Vallée, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied November 13, 1952. Carter, J., and Traynor, J., were of the opinion that the petition should be granted.