[Civ. No. 5748.   Fourth Dist.   Apr. 10, 1958.]

RICHARD JONES, Respondent, v. DAVID BLONDER,
Appellant.

Herbert Colden for Appellant.

Marshall L. Miles for Respondent.

WAITE, J. pro tem.*—Respondent filed this action for declaratory relief seeking an adjudication of his rights as holder of a promissory note, the execution of which was followed by a general assignment for the benefit of creditors.  This assignment was made by the promisor of the note and consented to by respondent as holder of said note.  Appellant, who is the assignee under the general assignment, demurred to the complaint and moved for change of venue to Los Angeles County, that being the county of appellant's residence.  The motion for change of venue was heard and denied on July 5, 1957,

*Assigned by Chairman of Judicial Council.

and on July 16, 1957, appellant's counsel sent the following letter to the trial judge:

"Dear Judge Curtis:

"In connection with the hearing on defendant's demurrer set for July 19, 1957, we wish to advise you that this office is willing to submit the matter on the demurrer and points and authorities in support thereof, without oral argument on the part of the demurring parties.

"Very truly yours,

"Herbert Colden."

On July 19, 1957, the demurrer was submitted and overruled, appellant being granted 15 days within which to answer. Appellant did not file an answer, but instead, on August 9, 1957, 21 days after the ruling on the demurrer and 35 days after the order was entered denying change of venue, filed this appeal from the latter order.

Although the question of defendant's right to have the action tried in the county of his residence is raised in this appeal, it is apparent that the controlling question here is whether the error, if any, in denying change of venue was waived by later submission of the demurrer on behalf of appellant. In view of the conclusion we have reached that the error, if any, was waived, a discussion of the right to a change of place of trial is unnecessary.

Counsel have not cited, nor have we been able to find, any case which decides the exact point here under consideration. However, analogy and reasoning lead us to the conclusion that where, as here, an order appealable under section 963 of the Code of Civil Procedure is entered, later submission to rulings of the court constitutes a waiver of objection to the appealable order. Had the case been tried on its merits within the time allowed for appeal from the order, appellant would have been precluded from such appeal and further would have been foreclosed from raising the point on an appeal from the judgment. (*Chard* v. *O'Connell,* 48 Cal.App.2d 475 [120 P.2d 125].)

Upon denial of the motion for change of venue on July 5, 1957, appellant had the right to file his notice of appeal which would have stayed all further proceedings in the trial court. Had he desired more time to consider the advisability of an appeal, he could have asked that the demurrer be taken off calendar, and if such request had been refused, appellant could have declined to participate in the hearing on the de-

murrer. Instead of following any of these courses, appellant chose to participate in the hearing by waiving oral argument and submitting the matter on the points and authorities then on file. By so doing appellant acquiesced in any error attending the denial of the motion for change of venue and thereby lost the right of objecting to it. (Civ. Code, § 3516; *Allin* v. *International etc. Stage Employes,* 113 Cal.App.2d 135 [247 P.2d 857].)

Had appellant's demurrer been sustained, respondent would have been bound by the court's ruling, and it would not be equitable to hold that appellant could profit by a favorable ruling on the demurrer without being bound by an unfavorable ruling.

The order denying the motion for change of venue is affirmed.

Barnard, P. J., and Griffin, J., concurred.