[Civ. No. 5888.   Fourth Dist.   Oct. 10, 1958.]

PAUL L. ESTEP, Respondent, v. BUDGER MANUFAC-
TURING COMPANY, INC. (a Corporation), Appellant.

Crider, Tilson & Ruppe and Henry E. Kappler for Appellant.

William F. Reed for Respondent.

MUSSELL, J.—In this action for damages filed in San Diego County it is alleged in the first cause of action in the complaint that on or about March 18, 1957, plaintiff and defendant entered into a certain written contract in San Diego County, California, whereunder defendant undertook to manufacture or alter to the specifications of plaintiff a certain Expando-Home trailer, and undertook and agreed to plumb the trailer for a water heater and to cap the lines, including the gas lines; that defendant breached the terms of the agreement in that it did not cap the gas line ending in the water heater cabinet and that as a result of said breach of the contract, when plaintiff was in said trailer, it became filled with gas and exploded, severely injuring plaintiff. In the second cause of action it is alleged that defendant expressly and impliedly represented and warranted that said trailer would be safe to use for the purposes of residing therein, including the operation of the gas stove and equipment; that when plaintiff attempted to operate the gas system in said trailer, gas escaped as a result of the failure of defendant to cap the gas line ending in the water heater cabinet, with the result that an explosion occurred. In the third cause of action it is alleged that defendant negligently and carelessly designed, constructed, inspected and manufactured said trailer; that it was delivered without the gas line leading to the water heater being capped, resulting in serious injury to plaintiff.

On March 14, 1958, defendant Budger Manufacturing Company, Inc., filed a demurrer to said complaint and a notice of motion to change venue to the county of Los Angeles. This motion was made on the ground that said defendant's principal place of business was in Los Angeles County; that the accident referred to in plaintiff's complaint occurred in San Bernardino County; and that the alleged contract referred to was made and performed in Los Angeles County. The motion was supported by the affidavit of Marvin Wolfe, sales representative of defendant corporation at Los Angeles, in which he stated that on March 18, 1957, he received a telephone call at Los Angeles from the plaintiff in San Diego in which plaintiff placed an order for the trailer involved; that the order was accepted and a copy of the confirmation thereof, which is the same as the alleged contract attached to plaintiff's complaint, was sent by him to plaintiff in San Diego, and that said confirmation of the order incorporated certain changes which were made as the original order had been

placed by telephone. An affidavit of merits was filed by the president of the defendant company in which he included the statement that all sales by the defendant company and all deliveries were made in the county of Los Angeles.

The demurrer and the motion for change of venue were heard by the court on March 27, 1958, at which time the court signed an order denying the motion for a change of the place of trial and overruled the demurrer. Defendant Budger Manufacturing Company appeals from the order denying its motion.

Appellant's rights with reference to venue are governed by section 16 of article XII of the state Constitution and upon a motion for change of venue by the corporation, the burden rests upon it to show that the action has not been brought in the county authorized by said section. (*Pacific Bal Industries* v. *Northern Timber, Inc.*, 118 Cal.App.2d 815, 826 [259 P.2d 465].) Said section 16 of the Constitution reads as follows:

"A corporation or association may be sued in the county where the contract is made or is to be performed, or where the obligation or liability arises, or the breach occurs; or in the county where the principal place of business of such corporation is situated, subject to the power of the court to change the place of trial as in other cases."

In *Liera* v. *Los Angeles Finance Co.*, 99 Cal.App.2d 254, 258 [221 P.2d 737], it was held that "In considering an appeal from an order denying a motion for change of place of trial, for the purpose of the motion, the allegations of the complaint must be taken as true. (*Coley* v. *Hecker*, 206 Cal. 22 [272 P. 1045]; *Yolo County Consolidated Water Co.* v. *Adamson*, 22 Cal.App. 493 [135 P. 48].)" See also *Rutherford* v. *New York Hanseatic Corp.*, 153 Cal.App.2d 462, 464 [314 P.2d 560].

In *Hayutin* v. *Rudnick*, 115 Cal.App.2d 138, 141 [251 P.2d 707], it is said that the right to a change of the place of trial must be determined from the pleadings of record at the time a motion for a change is filed. The affidavits filed herein by the defendant merely created a conflict with the allegations of the complaint as to the place where the contract was made. The trial court resolved this conflict in favor of plaintiff and a reviewing court will not interfere with its ruling. (*Hayutin* v. *Rudnick, supra*, p. 141; *Ward Mfg. Co.* v. *Miley*, 131 Cal.App.2d 603, 611 [281 P.2d 343].)

Appellant asserts that "The gravamen of all three causes of action sounds in tort and the injury having occurred in San Bernardino County, the appellant corporation was entitled to a change of venue to the county of its residence.

In *Eads* v. *Marks*, 39 Cal.2d 807, 811 [249 P.2d 257], it is held that it has been well established in this state that if the cause of action arises from a breach of a promise set forth in the contract, the action is *ex contractu*, but if it arises from a breach of duty growing out of the contract it is *ex delicto*; that where the cause of action arises from the breach of a contractual duty, the action is delictual notwithstanding that it also involves a breach of contract; that contractual negligence ordinarily gives rise to an action either on contract or in tort, and the injured party may at his election waive the contract and sue in tort; or waive the tort and base his action on the contract alone.

In *Peterson* v. *Sherman*, 68 Cal.App.2d 706, 711 [157 P.2d 863], it was held that in seeking a determination as to whether an action is one in contract or in tort, the general rule is that the character of the action is to be determined by the nature of the grievance rather than by the form of the pleading; that when it is not clear to which class the action belongs, it will ordinarily be construed in contract rather than in tort; and that the court must accept as true the allegations of the complaint.

In the instant case plaintiff bases his first cause of action on the breach of the contract in that defendant failed to cap the gas line ending in the water heater cabinet as specifically agreed in said contract, thereby alleging "a breach of a promise set forth in the contract." In *Jones* v. *Kelly*, 208 Cal. 251, 255 [280 P. 942], it is said:

"The law imposes the obligation that 'every person is bound without contract to abstain from injuring the person or property of another, or infringing upon any of his rights.' (§ 1708, Civ. Code.) This duty is independent of the contract and attaches over and above the terms of the contract. This being so, the plaintiffs may treat the injury as a tort or as a breach of contract at their election. (1 Page on Contracts, 2d ed., § 57.)"

The court further said, quoting from *Rich* v. *New York Cent. & H. R. R. Co.*, 87 N.Y. 382: " 'It may be granted that an omission to perform a contract obligation is never

a tort, unless that omission is also an omission of a legal duty. . . .' "

In the first cause of action herein plaintiff has elected to sue on the contract and the allegations of the complaint must be accepted as true. Where it is not clear to which class the action belongs it would ordinarily be construed in contract rather than in tort. We conclude that plaintiff stated a cause of action in contract rather than in tort in his first cause of action.

Respondent herein argues that the clerk's transcript clearly indicates that after the court denied defendant's motion for change of venue, defendant argued the merits of its demurrer and submitted points and authorities therewith, and that such conduct amounted to a waiver of defendant's right to object to the order denying its motion for change of venue. In support of this contention respondent cites *Jones* v. *Blonder,* 159 Cal.App.2d 316, 317-318 [323 P.2d 1015]. However, in that case the motion for change of venue was heard and denied on July 5, 1957, and on July 19, 1957, the demurrer was submitted and overruled, appellant being granted fifteen days to answer. Appellant did not file an answer but instead, on August 9, 1957, 21 days after the ruling on the demurrer and 35 days after the order was entered denying a change of venue, filed a notice of appeal from the latter order. In the instant case the motion for change of venue and the demurrer were set for hearing and heard on March 27, 1958. The court in its order denied the motion and overruled the demurrer, giving defendant 10 days within which to answer. The defendant filed its notice of appeal on April 1, 1958. While the court's order recites that it was made after hearing arguments of counsel, it does not state whether the arguments were on the motion or on the demurrer. It is said in *Allin* v. *International etc. Stage Employes,* 113 Cal.App.2d 135, 138 [247 P.2d 857], that one who by his conduct accepts a ruling of the court under circumstances amounting to acquiescence therein, may not complain of it on appeal. However, in *Gallo* v. *Boyle Mfg. Co.,* 30 Cal.App.2d 653, 655 [86 P.2d 1076], it is said that it is true that the privilege to have the place of trial changed may be waived impliedly as well as expressly, but in order to do so there must be some act of the moving party tending to show his intent to invoke the jurisdiction of the court of first instance for the trial of questions of the fact or of law. Under the circumstances shown by the record in the instant case we cannot hold as a matter

of law that appellant waived its right to object to the order made on the motion for change of venue.

The order denying the motion for change of place of trial is affirmed.

Griffin, P. J., and Coughlin, J. pro tem.,* concurred.

*Assigned by Chairman Judicial Council.