8

NELLE C. SOUTH, as Administratrix, etc., Plaintiff and Appellant, v. H. A. WISHARD et al., Defendants and Appellants.

James C. Janjigian and Lawrence W. Young, for Plaintiff and Appellant.

J. E. Simpson for Defendants and Appellants.

SHINN, P. J.—This is the third appeal in an action brought by N. Lindsay South, now deceased, against Harry A. Wishard, Stella Wishard, his wife, and Maudine Brown. The suit is one to quiet title to an alleged interest in overriding oil and gas royalties from wells in Fresno County as against the Wishards and Brown; to impose a constructive trust on royalties allegedly received by the Wishards; and to recover royalties amounting to $234,000.

Suit was commenced in the Superior Court of Fresno County. The Wishards made a motion under section 397, subdivision 1 of the Code of Civil Procedure to change the place of trial to Los Angeles County. March 26, 1953, the motion was

granted and the cause was ordered transferred. April 6, 1953, South appealed from the order granting the motion. The order was affirmed on the appeal. (*South* v. *Wishard,* 123 Cal.App.2d 642 [267 P.2d 827].) May 6, 1954, the remittitur was filed with the clerk of the Superior Court of Fresno County. June 3, 1954, South paid the fees and costs of the transfer whereupon the file was transmitted to the clerk of the Superior Court of Los Angeles County.

A demurrer of the Wishards to the second amended complaint remained undetermined in June 1954. The Los Angeles court sustained the demurrer without leave to amend and entered judgment dismissing the action as to the Wishards. On an appeal by South, the judgment of dismissal was reversed by this court. (*South* v. *Wishard,* 146 Cal.App.2d 276 [303 P.2d 805].) After South's death on November 3, 1956, his widow was duly appointed administratrix of his estate and was ordered substituted as plaintiff in the case.

March 4, 1957, the Wishards gave notice of motion to dismiss the action as to them. The motion was based upon the following grounds: (1) South failed to pay the fees and costs of transferring the cause to Los Angeles County within one year after entry of the order granting a change of venue, as he was required to do by section 581b of the Code of Civil Procedure; (2) The complaint does not state a cause of action against Mrs. Wishard and cannot be amended to state a cause of action against her. The Wishards also sought dismissal of the first count of the complaint (to quiet title) upon the further ground that this court held on the former appeal that South's claim of equitable ownership of the royalty interest will not sustain an action to quiet title against the Wishards and Brown, who allegedly hold the legal title. The motion to dismiss was heard concurrently with two motions of the Wishards to retax the costs claimed by plaintiff on the successful appeal of her husband. The court granted the Wishards' motion to dismiss the suit, but the record does not disclose the ground or grounds of the ruling. The motions of the Wishards to retax costs were denied. Plaintiff appeals from the order dismissing the case as to the Wishards; the latter have noticed an appeal from the denial of their motions to retax costs.

We will first discuss plaintiff's appeal from the order of dismissal. The principal question to be considered on her appeal is whether, as the Wishards contend, dismissal was

required because of South's failure to comply with section 581b of the Code of Civil Procedure.

Section 397, subdivision 1 of the Code of Civil Procedure provides that the court may, on motion, change the place of trial when the court designated in the complaint is not the proper court. Section 399 provides that when a case is ordered transferred to another court because it was not commenced in the proper court, the costs and fees of transfer must be paid by the plaintiff before the transfer is made. Section 581b reads as follows: "No action heretofore or hereafter commenced, where the same was not originally commenced in the proper court, and which has been ordered transferred to the proper court, shall be further prosecuted, and no further proceedings shall be had therein, until the fees and costs of the transfer thereof and of filing the papers in the court to which transferred have been paid, as provided in Section 399 of this Code; and all such actions heretofore or hereafter commenced must be dismissed by the court in which the action or proceeding was originally commenced, on its own motion, or on the motion of any party interested therein, whether named in the complaint as a party or not, where the costs and fees of making up the transcript or papers or for transmission of the same to the clerk or judge of the court to which it is ordered transferred, or of filing the papers anew, have not been so paid for one year after the entry of the order for transfer."

It is settled that the provisions of section 581b are mandatory and that the court must dismiss the action where the plaintiff has not paid the transfer fees within one year after the entry of the order changing venue. (*Davis* v. *Superior Court*, 184 Cal. 691 [195 P. 390]; *Abraham* v. *King*, 51 Cal.App. 703 [197 P. 659].) In our opinion, however, there is an implied exception to the statute, namely, that where the plaintiff has appealed from the order granting a change of venue, he need not pay the transfer fees during the pendency of his appeal and the time during which the appeal is pending is to be excluded from the one year prescribed by the statute. A different rule would require technical application of the section which would be wholly unnecessary for the accomplishment of its purposes.

Upon entry of the order changing the place of trial to Los Angeles County, South could either have appealed, as he did and had the right to do, or paid the fees and declined to challenge the order. Although the order of March 26, 1953,

did not specifically require him to pay the transfer fees, it had the effect of doing so, since, as we have said, section 399 requires the payment of the fees before the transfer is effected. Payment of the transfer fees would have constituted compliance with the order. Had South paid the fees before or during the pendency of his appeal, he probably would have been faced with the contention that he had acquiesced in the order and forfeited his right of appeal. (See *Jones* v. *Blonder,* 159 Cal.App.2d 316 [323 P.2d 1015].) We do not believe that section 581b should receive an interpretation that would jeopardize the right of a plaintiff to assign error to an order changing the place of trial pursuant to section 397, subdivision 1.

The Wishards argue, in this connection, that South could have safely withheld payment of the transfer fees by obtaining a writ of supersedeas. They rely heavily upon section 949 of the Code of Civil Procedure, which states that an appeal from an order granting or denying a motion for change of venue does not stay proceedings without supersedeas. The argument is beside the question whether the pendency of the appeal created an exception to the requirement that the fees must be paid within a year. Supersedeas, even if proper, would have served no purpose unless the Wishards had been attempting to have the case tried in Los Angeles County during the pendency of the appeal.

Our interpretation of section 581b finds support in cases construing other limiting statutes which are mandatory in application. One such statute is section 660 of the Code of Civil Procedure, which provides that the power of the court to pass upon a motion for new trial shall expire 60 days from and after service on the moving party of notice of entry of judgment, or, if such notice has not theretofore been served, then 60 days after the filing of the notice of intention to move for a new trial. Section 660 further provides that if the motion is not determined within said period of 60 days, it is automatically denied. The court nevertheless held in *Collins* v. *Nelson,* 41 Cal.App.2d 107 [106 P.2d 39], a case arising under section 660, that where a party has filed a written motion to disqualify the trial judge from passing upon a motion for new trial, the time required for the determination of the motion to disqualify is to be excluded in computing the 60-day period within which the motion for new trial must be determined. (See also *Rosenfield* v. *Vosper,* 70 Cal.App.2d 217, 223-224 [160 P.2d 842].)

In the Collins and Rosenfield cases and in others such as *Kinard* v. *Jordan*, 175 Cal. 13 [164 P. 894] and *Estate of Morrison*, 125 Cal.App. 504 [14 P.2d 102], it was held that the statutory time for performance of an act was extended while there existed legal impossibility to proceed due to the lack of the court's jurisdiction for limited periods of time; but legal impossibility to act has not been regarded as the only acceptable excuse for delay. Certain exceptions have been "engrafted on the statute by the decisions." (*Ellsworth* v. *United States Metals Corp.*, 110 Cal.App.2d 727 at 728 [243 P.2d 575].) Equally effective as legal impossibility is the impracticability and futility of action which could have been taken in the interim. Illustrations of this doctrine will be found in *Westphal* v. *Westphal*, 61 Cal.App.2d 544 [143 P.2d 405]. In that case there were 12 plaintiffs, as to 10 of which judgments had been entered in their favor after an order sustaining the demurrers of the defendants. Two plaintiffs remained and as to them the action was dismissed for their failure to bring it to trial within the five-year period prescribed by section 583 of the Code of Civil Procedure. The judgment was reversed upon the ground that although the case as to those plaintiffs might have been separately tried, "it would have been practically futile for these plaintiffs to move the court for a separate trial . . . during the pendency of their co-plaintiffs' appeal" and the court quoting from *Christin* v. *Superior Court*, 9 Cal.2d 526 [71 P.2d 205, 112 A.L.R. 1153], stated: "We conclude that, if not legally impossible, 'for all practical purposes, going to trial would be impossible.' " The Christin case was one in which the cause had been transferred from Los Angeles County to the City and County of San Francisco. Plaintiff appealed from the order, which was subsequently reversed. The action was not brought to trial within five years after filing but trial was sought by plaintiff within the five-year period exclusive of the time required for a decision on the appeal. The defendants sought prohibition in the Supreme Court against further proceedings in the trial court upon the ground that it had lost jurisdiction. The petition was denied. It was conceded that the action could have been tried while the appeal was pending, and it was assumed that if the plaintiff had voluntarily gone to trial he would not thereby have waived his right on the appeal. The court stated (p. 532): "The effect of the reversal would be to nullify the trial in San Francisco and any judgment or rights obtained as a result thereof, restoring all

parties to their positions prior to the rendition of the void judgment, i. e., to a position where the cause might be brought to trial in Los Angeles. (*Howell* v. *Thompson,* 70 Cal. 635 [11 P. 789].) We are thus asked to conceive of a protracted trial, requiring the attendance of, and payment of fees to witnesses and jurors, with court costs and attorneys' fees, contemporaneous with a vigorous attempt to render the same nugatory on appeal; and all this in a situation where, in fact, the San Francisco court would not be able to render a valid judgment. Must clients be charged with this unnecessary expense, and the courts clogged with this useless proceeding, all because of a void order of the lower court, or an overstrict interpretation of the dismissal statute? The purpose of the statute is plain: to prevent *avoidable* delay for too long a period. It is not designed arbitrarily to close the proceeding at all events in five years, for it permits the parties to extend the period without limitation, by written stipulation. And, as we have already pointed out, despite the mandatory language implied exceptions are recognized. Are these exceptions based upon the technical concept of *jurisdiction,* and applicable only where the court is completely lacking in the legal power to proceed, or do they arise from the fact that the party is unable, from causes beyond his control, to bring the case to trial? The carefully reasoned opinion in *Estate of Morrison, supra,* is illuminating here. The court declared that the case of *Kinard* v. *Jordan, supra,* had established the precedent of disregarding the time during which the jurisdiction of the trial court was suspended, thereby setting reality above artificiality. The opinion also states (p. 510): 'Situations are thus recognized which repel a strained construction of the statute. No logical distinction can be made between a temporary suspension of proceedings in the trial court, consequent upon a dismissal induced by fraud or mistake, and a suspension of the power of the trial court to proceed by reason of the pendency of an appeal. In either case, the action or proceeding is withdrawn from the cognizance of the court of first instance during the period of suspension.' The theory of this decision seems to us to be equally applicable to a situation where, for all practical purposes, going to trial would be impossible, whether this was because of total lack of jurisdiction in the strict sense, or because proceeding to trial would be both impracticable and futile. In this connection, a useful analogy may be drawn from the rules on impossibility as a defense in the enforcement of contract obligations. Modern

cases recognize as a defense not only objective impossibility in the true sense, but also impracticability due to excessive and unreasonable difficulty or expense. (See *Mineral Park Land Co.* v. *Howard,* 172 Cal. 289 [156 P. 458, L.R.A. 1916F 1]; *People* v. *Meyers,* 215 Cal. 115 [8 P.2d 837]; Rest., Contracts, § 454.)'' We can add nothing to this reasoning of the court. We might note, however, that under the reasoning of the court in *Jones* v. *Blonder, supra,* 159 Cal.App.2d 316, if South had voluntarily gone to trial in Los Angeles County while his appeal was pending it would have defeated his right to seek a reversal of the order of transfer.

Reason and justice call for an implied exception to the requirement that the transfer fees be paid within a year, and an application of section 581b which excludes from the computation of time the period during which there is pending an appeal by the plaintiff from the order of transfer.

We therefore conclude that the present action could not properly have been dismissed because of South's failure to pay the transfer fees within the statutory period.

The next question to be considered on plaintiff's appeal is whether the action could properly have been dismissed as to Mrs. Wishard upon the ground that the second amended complaint did not state a cause of action against her.

A full statement of the factual allegations upon which recovery is sought against Mr. Wishard is to be found in our opinion on the former appeal. (*South* v. *Wishard,* 146 Cal.App.2d 276, 281 [303 P.2d 805].) In essence, the complaint alleges that South and Wishard were attorneys who shared the same suite of offices and advised one another in professional and business transactions; that South had unlimited confidence in Wishard's promises and representations and that Wishard, under an agreement with and as an accommodation to South, organized a corporation for South's client, Caine, and received from the corporation and kept for his own use oil and gas royalties to which South is entitled. We held in our former opinion that the complaint sufficiently alleged, as against a general demurrer, the existence of a fiduciary relationship between Wishard and South and of facts establishing that Wishard held the royalties as a constructive trustee for the benefit of South. We did not decide whether the complaint stated a cause of action against Mrs. Wishard.

The complaint does not allege that Mrs. Wishard was a fiduciary, or that she made any representations to South or that she committed any act of fraud. It alleges that she has

received, shared and enjoyed the royalties obtained by her husband, having full knowledge of his breach of trust and of the circumstances in which he acquired the royalty interest.

We think that the foregoing allegations sufficiently state the substance of a cause of action against Mrs. Wishard. These allegations are contained in the first count of the complaint, which we held on the former appeal to be insufficient, but they are incorporated by reference into the second and succeeding counts of the complaint and are to be considered as being included in those counts. (39 Cal.Jur.2d 131.) We need say only, with respect to Mrs. Wishard's liability, that even though she may not have committed a fraud upon South, the courts will not protect her in knowingly retaining the fruits of her husband's fraud. (*Shinn* v. *Macpherson*, 58 Cal. 596; *Kemp* v. *Enemark*, 194 Cal. 748 [230 P. 441]; *Demetris* v. *Demetris*, 125 Cal.App.2d 440, 444 [270 P.2d 891].)

We have now to consider the cross-appeal of the Wishards.

Within 30 days after the filing of the remittitur on the second appeal, one of South's attorneys verified and filed a memorandum of his client's costs on appeal. The memorandum was verified February 8, 1957, and filed February 11th. As mentioned earlier, South died November 3, 1956. The cost bill listed six separate items of expenditure; three items, totaling $187.98, were paid prior to November 3d; the remaining items, totaling $260.07, were paid after that date.

The Wishards noticed a motion to retax the costs on appeal, whereupon an amended memorandum of costs was filed. The amended cost bill segregated the items of expenditure into those paid by South prior to his death and those paid by plaintiff as administratrix of his estate. The amended cost bill was verified by one of plaintiff's attorneys, who had previously represented her husband.

The Wishards then gave notice of motion "to re-tax costs claimed in amended cost bill on appeal, to strike amended cost bill on appeal, and to setoff and compensate costs." The motion was based upon the following grounds: (1) The amended cost bill should be stricken and disallowed in its entirety for the reason that it was not filed within 30 days following the filing of the remittitur as required by section 1034 of the Code of Civil Procedure; (2) The items paid by plaintiff after the death of her husband are not recoverable as costs for the reason that she paid them prior to her substitution in the case as party plaintiff; (3) The costs awarded to the Wishards on the first appeal, totaling $321.91, and which

remain unpaid, should be offset against the costs, if any, allowed plaintiff on the second appeal. Both motions to re-tax costs were denied by the court.

 The motions were properly denied. It is not contended by the Wishards that the six items were not allowable expenditures. As to the timeliness of the amended cost bill, there was no duty on the part of anyone to file a cost bill until the court had appointed plaintiff administratrix of her husband's estate and ordered her substitution in the lawsuit. The time within which she was required to file a cost bill should be deemed to have been extended for a reasonable time following her substitution. The remittitur was filed January 28, 1957; plaintiff was substituted into the case on February 11th; the amended cost bill was filed March 4th. We do not believe there was an unreasonable delay. Plaintiff was entitled to pay the costs that accrued after her husband's death; these items were for the printing of a closing brief on appeal and briefs in opposition to the Wishards' petitions for a rehearing and a hearing in the Supreme Court.

 With respect to their claim of a setoff, the Wishards rely upon the rule that a party entitled to costs incurred on a prior appeal may, on motion, have such costs set off against the costs of the prevailing party on a second trial of the action. (*Crenshaw* v. *Smith*, 74 Cal.App.2d 255, 269 [168 P.2d 752].) The rule is inapplicable. The costs incurred by the Wishards on the first appeal constitute a judgment against South, payable in due course of administration, and a judgment against a decedent for the recovery of money must be filed and presented to the representative of his estate in the same manner as other claims against the estate. (Prob. Code, § 732.) A judgment for costs falls within the purview of the statute. (*O'Malley* v. *Carrick*, 108 Cal.App. 520, 522 [291 P. 871].)

The order dismissing the action as to defendants Wishard is reversed; the orders denying the Wishards' motions are affirmed.

Wood (Parker), J., and Vallée, J., concurred.

The petition of defendants and appellants for a hearing by the Supreme Court was denied December 30, 1958. Schauer, J., was of the opinion that the petition should be granted.