Filed 5/5/14  Meridian Bay Homeowners Assn. v Superior Court CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| MERIDIAN BAY HOMEOWNERS ASSOCIATION,<br><br>      Petitioner,<br><br>      v.<br><br>THE SUPERIOR COURT OF SAN MATEO COUNTY,<br><br>      Respondent;<br><br>SANDRA ROSENBERG,<br><br>      Real Party in Interest. | A141471<br><br>(San Mateo County<br>Superior Court No. CIV 515707) |

**BY THE COURT:**[1]

Petitioners, a home owners association and board members of a condominium complex, are defendants in a suit arising from water damage to one of the units.  During discovery, petitioners resisted productions of documents they claimed were protected by the attorney-client privilege and work-product doctrine.  The court ordered that a special master review the documents to determine whether the privilege applied; petitioners produced those documents over objection.  The special master found some of the documents were privileged, but ordered the redaction and release of others.  The trial court adopted the special master's ruling, again over petitioners' objection.

---

[1]Before Kline, P.J., Haerle, J., and Richman, J.

1

Challenging that ruling, petitioners sought a writ of mandate in this court asking that we issue a peremptory writ of mandate "directing Respondent Superior Court to vacate its order to the extent the objections of Petitioner were overruled, and the documents were ordered produced and/or redacted, and enter an order Denying the Motion to Enforce Compliance and Compel Production of Documents." Real party in interest filed "preliminary opposition" to the petition, and petitioner filed a reply. We shall issue a peremptory writ of mandate directing the superior court to vacate its order and to conduct a new hearing in compliance with *Costco Wholesale Corp. v. Superior Court* (2009) 47 Cal.4th 725 and its progeny.[2]

In *Costco Wholesale Corp. v. Superior Court*, *supra*, 47 Cal.4th 725 the California Supreme Court prohibited the very procedure employed by the superior court in this case. The high court held "that a court may not order [*in camera*] disclosure of a communication claimed to be privileged to allow a ruling on the claim of privilege . . . ." (*Id*. at p. 739.) Rather, the proper procedure is for the party claiming the privilege to make a prima facie claim of privilege; once that has been shown "the communication is presumed to have been made in confidence and the party *opposing* the claim of privilege has the burden of establishing that the communication was not confidential or that the privilege is inapplicable for other reasons." (2 Jefferson Cal. Evidence Benchbook (Cont.Ed.Bar 4th ed. 2009) Burdens of Proof and Producing Evidence, § 47.21, p. 47–14 (emphasis in original).) To that end, the court may require detailed privilege logs, and possibly even evidence or testimony to ensure that the privilege applies to disputed

---

[2]A peremptory writ in the first instance is appropriate in this case. Our Supreme Court has instructed "that a peremptory writ of mandate or prohibition [may] not issue in the first instance unless the parties adversely affected by the writ have received notice, from the petitioner or from the court, that the issuance of such a writ in the first instance is being sought or considered. In addition, an appellate court, absent exceptional circumstances, should not issue a peremptory writ in the first instance without having received, or solicited, opposition from the party or parties adversely affected." (*Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 180.) Both requirements have occurred in this case, as the prayer in the petition sought a peremptory writ in the first instance and we have received opposition from real party.

documents, but it may not review the documents themselves until it is determined that the privilege does not apply. (*Costco*, *supra*, at p. 737.)

Not only was the trial court order contrary to the rule announced in *Costco*, the court erroneously found petitioner's objection "moot" because petitioner did not seek our review of the issue before submitting the allegedly privileged documents to the special master. We do not understand how the trial court could find the objection "moot" considering its awareness of Evidence Code section 919, subdivision (b), which provides that "neither the failure to refuse to disclose [allegedly privileged information] nor the failure to seek review of the order . . . requiring disclosure indicates consent to the disclosure or constitutes a waiver . . . ." While the court acknowledged that section, it nonetheless relied on the rule stated in *Allin v. Internat. etc. Stage Employees* (1952) 113 Cal.App.2d 135: "One who by his conduct accepts a ruling of the court under circumstances amounting to acquiescence therein, may not complain of it on appeal." (*Id*. at p. 138.) Although not referenced in the trial court ruling, the *Allin* court went on to explain that "mere silence must be taken as acquiescence when, upon appeal, the ruling is assigned as error." (*Id*. at pp. 138–139.)

Thus, there are two fatal flaws to the trial court's reliance on *Allin*. First, petitioners were *not* silent and clearly did *not* acquiesce; rather, they objected both before the special master's review and afterward. Second, the general rule stated in *Allin* is not applicable where, as here, Evidence Code section 919, subdivision (b) obviates the need to object or seek review of the offending order. Thus, the trial court's inexplicable finding that petitioners' objection was "moot" was error; it should have considered petitioners' argument on its merits. The time and money spent as a result of the court's failure to timely do so is regrettable.

Let a peremptory writ of mandate issue commanding respondent superior court to vacate its order granting discovery of the allegedly privileged documents and to conduct a new hearing in compliance with *Costco Wholesale Corp. v. Superior Court* (2009) 47 Cal.4th 725 and its progeny. In so ordering the superior court to conduct the hearing, we

3

express no opinion on the merits of petitioners' assertions that the documents are privileged or otherwise not discoverable.